**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00329-RGJ-CHL**

**DAVID ELLIOT,**                                                                                   **Plaintiff,**

**v.**

**HUMANA INC.,**                                                                                    **Defendant.**

**MEMORANDUM OPINION & ORDER**

Before the Court is the joint motion for the entry of an agreed protective order (DN 29) filed by the Parties, a motion for entry of protective order filed by Defendant Humana Inc. ("Humana") (DN 24), to which Plaintiff filed a response (DN 25) and Humana filed a reply (DN 26). Therefore, the motions are ripe for review.

For the reasons set forth below, the motions for protective order (DNs 24, 29) are **DENIED**.

**I.   BACKGROUND**

Plaintiff brought this action alleging violations of the Telephone Consumer Protection Act ("TCPA") by Humana. (DN 25 at PageID # 131.) On October 19, 2022, Humana filed an unopposed motion for entry of agreed protective order. (DN 20.) The Court declined to enter the proposed order, finding that where "two parties have agreed to certain limitations on the use of materials produced in discovery, entry of a protective order is neither appropriate nor necessary" under Rule 26(c) of the Federal Rules of Civil Procedure. (DN 23 at 118.) The Court also determined that the proposed order failed to include certification required by Rule 26(c)(1) and failed to set forth the required "good cause" for entry of protective order. (*Id.*) On January 11, 2023, Humana filed a second motion for protective order ("Humana's Motion"), seeking to prevent the "unwarranted public disclosure of documents containing personal health information and the

names of Humana's customers. (DN 24 at 121-22.) Humana also sought to prevent the disclosure of discovery documents containing "highly confidential and proprietary business information[.]" (*Id.*) This time, Plaintiff objected to the entry of a protective order. (*See* DN 25.) In his response, Plaintiff did not dispute that "some materials Humana might produce may be confidential" but argued that Humana had not proven the necessity of a protective order and failed to identify the documents at issue. (*Id.* at 133.)

On March 7, 2023, the undersigned conducted a telephonic status conference to discuss Humana's Motion. (*See* DN 28.) Based on the discussion, the undersigned suggested that Humana file a supplemental memorandum in support of its motion and submit examples of documents for the Court's *in camera* review. (*Id.* at 140.) The undersigned also suggested that, where possible and in the interest of the efficiency, the Parties consider a private agreement regarding the confidentiality of Humana's documents. The Parties conferred privately and, upon reaching an agreement, proceeded to jointly file a motion for the entry of an agreed protective order ("Joint Motion") on March 20, 2023. (*See* DN 29.)

**II.    LEGAL STANDARD**

Rule 26(c) of the Federal Rules of Civil Procedure sets forth the circumstances under which a party or person from whom discovery is sought may move the Court in which the action is pending to enter a protective order. The movant must certify that he or she has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). Federal Rule of Civil Procedure 26(c) also provides that a Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: "(G) requiring that a trade secret or other confidential research, development, or commercial

2

information not be revealed or be revealed only in a specified way . . .". *Id.* Good cause requires the moving party to "articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought . . . ." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). It is well-established that protective orders must be "narrowly tailored so as not to extend beyond what is essential to achieve and appropriate interest." *In re So. Ohio Correctional Facility*, 24 F. App'x 520, 531 (6th Cir. 2001).

### III.   DISCUSSION

In its first motion, Humana seeks the entry of a protective order to prevent the disclosure of sensitive and confidential personal identifying information of non-parties, to prevent the unwarranted public disclosure of documents containing personal health information, and to protect Humana's "highly confidential and proprietary business information" to prevent competitively detrimental and irreparable harm to Humana. (DN 24 at 121-23.) Humana further asserts that redaction will not be "appropriate or practical" for those discovery requests seeking information of non-parties. (*Id.* at 121.) As Plaintiff correctly contends, however, Humana has only "vaguely refer[red] to documents that *may* be produced[.]" (DN 25 at 133.) Plaintiff asserts that because he "has no idea of what documents are even in play" and "no idea what will be produced," he opposes the motion and requests the Court to cause Humana to identify the documents at issue. (*Id* at 132-33.)

The Court finds that Humana has failed to meet its burden for a protective order. Humana provides only vague and conclusory statements that shed no light on the nature of the information Humana has deemed confidential. For example, Humana asserts that the unidentified documents are of competitive commercial value and points to the trade secret exception under Rule 26(c)(1)(G). (DN 24 at 120.) For a protective order to be granted under Rule 26(c)(1)(G), the

3

Court must first evaluate whether the interest for which protection is sought is an actual trade secret or other confidential business information. *Vignes-Starr v. Lowe's Home Center, LLC,* 544 F.Supp.3d 774, 777 (W.D. Ky. 2021) (citing *Mitchell v. Home Depot U.S.A.*, 2012 WL 2192279, at \*2 (W.D. Ky. June 14, 2012). Given that Humana did not offer any documents or any details regarding the documents, the Court cannot evaluate the merits of its claim that the documents contain trade secrets or information of competitive commercial value. Therefore, Humana also cannot show that it will suffer a clearly defined and serious injury by the discovery sought. Simply stating that an injury will result, as Humana has done here, is insufficient without more. The same is true for Humana's assertions regarding the personal health information of non-parties within the documents at issue. Humana's blanket statements that redactions are an impractical resolution is unpersuasive without further insight into the documents. Humana has unilaterally concluded, without support or specificity, that the documents are not redactable. Therefore, the Court is unable to evaluate whether Humana's proposed order is narrowly tailored as to not extend beyond what is essential. The Court will note that the above-mentioned deficiencies in Humana's Motion were addressed during the March 7, 2023 telephonic status conference. (*See* DN 28.) At that time, Humana was provided the opportunity to submit a supplemental memorandum and examples of the documents at issue to the Court for *in camera* review. (*Id.* at 140.) In the alternative, the Parties were instructed to consider entering into private agreement regarding the confidentiality of Humana's documents. (*Id.*) Both Humana and Plaintiff elected a third option: the Joint Motion filed on March 20, 2023. (*See* DN 29.)

On March 20, 2023, the Parties filed a motion styled "Joint Motion for the Entry of an Agreed Protective Order." (*Id.*) The motion states that the Parties conferred and reached an agreement. (*Id.*) Therefore, the Parties propose an Agreed Protective Order that purports to

4

address why the order is necessary and addresses the concerns expressed by the Court. Again, the Court disagrees. (DN 29 at 142.) First, the provisions of the Agreed Protective Order are substantially similar to the two that preceded it. (*See generally* DNs 20-1, 24-1.) The update to the instant proposed order is not more than a mere summary of the Humana's Motion. Next, this is the Parties' second attempt at an agreed protective order. (*See* DN 20.) The Court notes that the instant motion will be denied for the same reasons that it denied the first (DN 20), reflecting that the Joint Motion did not, in fact, address the concerns previously expressed by the Court. (*See* DN 23.) Given that Humana and Plaintiff have agreed to certain limitations on the use of materials produced in discovery, entry of a protective order is neither appropriate nor necessary here. The proposed order (DN 29-1) contains no certification of the type required by Rule 26(c)(1), nor could it as the Parties have represented that they are in agreement. Moreover, the Parties do not sufficiently set forth the required "good cause" for entry of a protective order. Absent some dispute requiring the Court's intervention, the Parties need only document the terms of their agreement and proceed with discovery.

## IV.     ORDER & CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT Humana's motion for protective order (DN 24) and the Parties' joint motion for protective order (DN 29) are **DENIED**.

Colin H Lindsay, Magistrate Judge
United States District Court

August 9, 2023

cc: Counsel of record