# Exhibit G

Humana's Responses to Plaintiff's First Set of Interrogatories, Request for Production of Documents, and Request for Admissions

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID ELLIOTT,

          Plaintiff,                      CIVIL ACTION NO. 3:22-CV-329-RGJ

v.

HUMANA, INC.,

          Defendant.

**HUMANA'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Humana, Inc. ("Humana"), by and through counsel, hereby submits its Responses and Objections to Plaintiff David Elliott's ("Plaintiff") First Set of Interrogatories, Request for Production of Documents and Request for Admissions as follows:

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this litigation. These responses represent Humana's diligent efforts to respond to Plaintiff's requests based on the investigations Humana has carried out in connection with this litigation. There may exist further information responsive to the discovery that is not within Humana's present knowledge, or that is reasonably available to Humana at this time. There may exist documents relating to the subject matter of Plaintiff's requests which Humana has not yet located, identified, or reviewed, despite its diligent efforts to do so. There may exist persons with knowledge relating to this subject matter of written discovery of whom Humana is not presently aware. Accordingly, these responses are based upon the facts and information now known to Humana as well as its present analysis of this litigation, and do not constitute an admission or representation that additional facts, documents, or witnesses

having knowledge relevant to the subject matter of discovery do not exist. Humana responds to the following interrogatories and requests pursuant to its obligations under the Federal Rules of Civil Procedure. As a direct result, any "definitions" contained in the requests which imposes obligations on Humana other than those imposed or authorized by Federal law and any other applicable order of this Court are hereby disregarded and objected to.

As this litigation proceeds, other facts, documents or witnesses may be discovered or identified. Humana reserves the right to supplement or amend these responses at any time as required by the Federal Rules of Civil Procedure.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons who assisted in, or who provided any information used in, responding to these Interrogatories and the Request for Production of Documents.

**ANSWER: Humana is a corporate defendant. As such, these responses are not prepared by any one person or identifiable group. Counsel for Humana assisted in preparation of these responses based on information complied by representatives of Humana.**

### INTERROGATORY NO. 2:

Identify all persons at Humana having any knowledge or information concerning or relating in any way to the allegations in the Complaint and, for each person so identified, state the subject matter of that information.

**ANSWER: Humana objects to this interrogatory as overly broad and unduly burdensome as Humana cannot know every individual or entity that may have knowledge regarding the allegations asserted in the Complaint. Without waiving said objections, Humana states that the member who Humana intended to call was in a Special Needs Plan**

**campaign based on the insurance plan the Humana member was enrolled in. Humana has several team associates who are assigned to that campaign and handle manual outreach. The leaders of the campaign are Amber Williams and Angelle Guarisco. Humana reserves the right to identify other individuals who may have information concerning the allegations in the Complaint as discovery progresses. Moreover, Plaintiff likely has discoverable information relevant to the claims set out in the Complaint.**

<u>**INTERROGATORY NO. 3**</u>**:**

Identify all persons at Humana who have knowledge of or have had contact with the Plaintiff, or made calls to telephone number 706-455-3020, in the four years prior to the filing of the Complaint through the present.

**ANSWER: Humana objects to this interrogatory as overly broad and unduly burdensome as Humana cannot know every individual or entity that may have knowledge regarding the allegations asserted in the Complaint. Without waiving said objections, Humana states only one associate on the Special Needs Plan campaign team spoke with the Plaintiffs or the person answering the number at issue in this litigation. Employee Karlen Saloy attempted contact with Humana's member at the phone number identified. Moreover, Plaintiff likely has discoverable information relevant to the claims set out in the Complaint.**

<u>**INTERROGATORY NO. 4**</u>**:**

Identify all calls or text messages initiated to, sent to or made to Plaintiff or to telephone number 706-455-3020 in the four years prior to the filing of the Complaint through the present, who made the call, and the purpose of the call.

**ANSWER: Humana objects to the Interrogatory as the information sought is equally accessible to Plaintiff and is likely in Plaintiffs custody and control. Without**

waiving said objection, Humana states 22 calls were made to Plaintiff. Humana directs Plaintiff to Humana000001 - 2.

**INTERROGATORY NO. 5:**

Identify all calls that were designated as wrong number, wrong person, bad number or similar designation, all wrong number or wrong person codes, and any information that would identify people that received wrong number calls as determined by any method that Humana uses for designating such calls, in the four years prior to the filing of the Complaint to the present.

**ANSWER: Humana objects to this Interrogatory as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Humana further objects to the Interrogatory because it is not proportional to the needs of the case or relevant to any claim or defense asserted by either party in this litigation. Specifically, the request for "wrong number, wrong person, bad number or similar designation, all wrong number or wrong person codes" are not defined and does not sufficiently identify the information sought by the Interrogatory. Further, the Interrogatory contains multiple subparts that can be "answered fully and completely" individually and independently of each other.** *See Phx. Process Equip. Co. v. Capital Equip. & Trading Corp.***, No. 3:16CV-00024-RGJ-RSE, 2019 U.S. Dist. LEXIS 44390, at \*5 (W.D. Ky. Mar. 18, 2019) (applying the "related question approach combined with pragmatic considerations" in determining whether particular interrogatories contained subparts). As such, Humana reserves the right to object to future Interrogatories based on numerosity.**

**Humana objects to the Interrogatory to the extent it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information.** *State Farm Mut. Auto. Ins. Co. v. Warren*

*Chiropractic & Rehab Clinic P.C.*, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at *14
(E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information
of non-customers medical information where potential harm to non-parties outweighed the
benefit of disclosure). To the extent providing such information would be a violation of
Humana's obligations under 45 CFR § 164.512, Humana objects to production without a
qualified protective order or other order of the Court. Further, Humana objects to the extent
this request is not proportional to the needs of the case under Federal Rule of Civil Procedure
26(b)(1) as it would require a review of every single phone call made by Humana. *Id.* (holding
the burden of reviewing and redacting the non-party files was not proportional to the needs
of the case)

Further, and without waiving the foregoing objections, Humana tracks invalid
numbers through manually editing member profiles in their member database through
Clinical Guidance Exchange notes ("CGX"), however, this data is maintained in individual
member files and is not available in a searchable form other than reviewing each and every
member file for an invalid designation in the member profile CGX notes.   Accordingly,
Humana does not have a feasible method of gathering the information in a manner that
would be proportional to the needs of the case.  Moreover, Humana contends Plaintiff was
contacted related to a specific outreach campaign, namely the Special Needs Plan, for which
the assumed Humana member was enrolled. Thus, calls from Humana concerning other
campaigns or programs and the way those campaigns or programs track invalid numbers is
irrelevant for purposes of this action, and would not be representative of the purported class
Plaintiff seeks to represent. Finally, even if Humana could identify every "wrong number,
wrong person, bad number, or similar designation calls" placed by Humana, the information

would have little, if any, probative value to any issue being litigated in this case, as any such calls would be the result of a litany of separate and individualized issues.

**INTERROGATORY NO. 6:**

Identify all actions taken by Humana to avoid wrong number calls.

**ANSWER: Humana objects to this Interrogatory as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Humana further objects to the Interrogatory because it is not proportional to the needs of the case or relevant to any claim or defense asserted by either party in this litigation. Specifically, the Interrogatory does not identify the kind or nature of calls to which it refers. Further, the Interrogatory seeks information which is often out of Humana's control.**

**Without waiving the objections, Humana does not intentionally call non-members for the types of services which form the basis of Plaintiff's claims, namely the Special Needs Plan. Humana's policy is to only contact enrolled members based on contact information provided by the member to Humana, by the primary care physicians, or by the member's pharmacy.**

**INTERROGATORY NO. 7:**

Identify all complaints of any kind concerning outbound telephone communications to non-customers, wrong number calls, wrong person calls, or bad number calls in the in the four years prior to the filing of the Complaint to the present.

**ANSWER: Humana objects to this Interrogatory as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, Plaintiff objects to the Interrogatory as the term "all complaints" is not defined. Further, Humana objects to the extent this request impermissibly exceeds the scope of this lawsuit and seeks information irrelevant to any party's claims or defenses and is not**

proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Humana further objects as Plaintiff was called concerning a specific outreach campaign, namely the Special Needs Plan. Thus, complaints related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore has no bearing on the merits of this case or on whether a class is certifiable. Finally, Humana does not keep a master log or singular database of all "complaints" from which it could reasonably respond to this Interrogatory. Like most institutions, Humana does not have one specific location for members to contact it to request information and/or state discontent with a specific item. Humana's members may request information or state discontent by many methods, including answering any calls they receive. Because there are several avenues to speak to Humana associates to obtain information or express discontent, there is not one single location in which to locate complaints, especially not complaints specific to the claims in this case. Read literally, this Interrogatory requires Humana to conduct an enterprise-wide search for every potential "complaint" –the search alone might take thousands of hours to fashion and accomplish. Accordingly, Humana does not have a feasible method of gathering the information in a manner that would be proportional to the needs of the case.

Without waiving the objections, Humana does not intentionally call non-members for the types of services which form the basis of Plaintiff's claims. Humana does not keep a list of "complaints." Accordingly, Humana does not have a feasible method of gathering the information in a manner that would be proportional to the needs of the case.

**INTERROGATORY NO. 8:**

State the number of calls for each designation wrong number, wrong person, bad number in Defendant's systems in the four years prior to the filing of the Complaint to the present,

including the recipient (name, address, email, phone number), the date, if the calls contained a prerecorded message, and where and how you obtained each number.

**ANSWER: Humana objects to this Interrogatory as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, Plaintiff objects to the Interrogatory as the term "wrong number, wrong person, bad number" is not sufficiently defined or limited in scope. Further, the Interrogatory contains multiple subparts that can be "answered fully and completely" individually and independently of each other.** *See Phx. Process Equip. Co. v. Capital Equip. & Trading Corp.*, **No. 3:16CV-00024-RGJ-RSE, 2019 U.S. Dist. LEXIS 44390, at \*5 (W.D. Ky. Mar. 18, 2019) (applying the "related question approach combined with pragmatic considerations" in determining whether particular interrogatories contained subparts). As such, Humana reserves the right to object to future Interrogatories based on numerosity.**

**Humana objects to the Interrogatory to the extent it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information.** *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, **No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require a review of every single phone call made by Humana.** *Id.* **(holding**

the burden of reviewing and redacting the non-party files was not proportional to the needs of the case).

Further, and without waiving the foregoing objections, Humana does not track information designating calls as "wrong number, wrong person, bad number or similar designation." on a centralized list. Humana tracks invalid numbers through manually editing member profiles in their CGX notes, however, this data is maintained in individual member files and is not available in a searchable form other than reviewing each and every member file for an invalid designation in the member profile CGX notes. Accordingly, Humana does not have a feasible method of gathering the information in a manner that would be proportional to the needs of the case.  Humana further objects as Plaintiff was called concerning a specific outreach campaign, namely the Special Needs Plan. Thus, complaints related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore has no bearing on the merits of this case or on whether a class is certifiable. Moreover, even if Humana could identify every "wrong number, wrong person, bad number, or similar designation calls" placed by Humana, the information would have little, if any, probative value to any issue being litigated in this case, as any such calls would be the result of a litany of separate and individualized issues.

**INTERROGATORY NO. 9:**

If you contend that any person above in Interrogatory No. 8 provided express consent to receive the phone calls, please explain with specificity the basis for such contention for each such person and identify all documents that support that contention. If you contend that any phone number you or any third party on your behalf called after it had been logged as a "wrong number"

actually belonged to a customer of yours, please state such phone number(s) and identify what documents or data support or refute such contention.

**ANSWER: Humana objects to this Interrogatory as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, Plaintiff objects to the Interrogatory as the term "wrong number" is not sufficiently defined or limited in scope. Humana objects to the Interrogatory as it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information.** *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.***, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1).** *Id.* **(holding the burden of reviewing and redacting the non-party files was not proportional to the needs of the case) Humana further objects as Plaintiff was called concerning a specific outreach campaign. Thus, calls related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore have no bearing on the merits of this case or on whether a class is certifiable.**

**Humana does not initiate outgoing calls or other communications to non-members for anything typical to or in common with Plaintiff's alleged circumstances. Accordingly,**

any "wrong number" calls, to the extent they are made, are the result of individualized mistakes made by Humana when attempting to contact a member who has provided consent to Humana to initiate the call. To the extent a member has opted out of receiving such calls, the member's contact information is added to Humana's DNC list. Prior to contacting any members, such member's contact information is compared to the internal DNC list to confirm that Humana has consent to conduct such outreach. As such, based upon Humana's understanding of the information Plaintiff is requesting through this Interrogatory, Humana does not have any information within its possession or control that is responsive to Plaintiff's request.

**INTERROGATORY NO. 10:**

State specifically where and how you obtained Plaintiff's telephone number.

**ANSWER: Plaintiff's telephone number was associated with an existing Humana member. Humana received the member contact information through the her primary care physician.**

**INTERROGATORY NO. 11:**

Please state how many people requested that Humana stop calling them in the four years prior to the filing of the Complaint to the present, the date of the request, the names of each such person, and where and how the names were recorded.

**ANSWER: Humana objects to this Interrogatory as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Humana further objects to the Interrogatory because it is not proportional to the needs of the case or relevant to any claim or defense asserted by either party in this litigation. Specifically, Plaintiff objects to the Interrogatory as the reasons concerning why individuals requested Humana "stop calling" vary in each situation and the request is not limited in**

scope regarding the reason for the request. Humana objects to the Interrogatory as it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information. *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at *14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to cull its records to determine each time a member, non-member, or other individual requested Humana "stop calling.". *Id.* (holding the burden of reviewing and redacting the non-party files was not proportional to the needs of the case) Finally, Humana further objects as Plaintiff was called concerning a specific outreach campaign, specifically the Special Needs Plan. Thus, calls related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore have no bearing on the merits of this case or on whether a class is certifiable.

Without waiving the objections, Humana maintains an enterprise-wide Do-Not-Call (DNC) list that is updated nightly with telephone numbers received from Humana's various business units of individuals who asked Humana to cease contact to their telephone numbers(s). Depending on the request, the Humana member's contact information is either listed on the All DNC list, indicating that the member does not want to receive any outreach

from Humana and/or the telemarking DNC list, which precludes any outreach that would be considered telemarketing. Humana utilizes a third-party vendor that collects all numbers registered on the National Do-Not-Call Registry and provides those numbers to Humana on a daily basis, which are then added to Humana's internal DNC list.

**INTERROGATORY NO. 12:**

Identify each and every lawsuit filed against Defendant in the four years prior to the filing of the Complaint to the present asserting a violation of the TCPA due to a call to a wrong number or failure to maintain an internal do not call list.

**ANSWER: Humana objects to this Interrogatory as the information sought is equally accessible to Plaintiffs, and because the requested information is not relevant to any claim or defense asserted by either party in this litigation or proportional to the needs of the case.**

**INTERROGATORY NO. 13:**

Identify all persons who, and the telephone numbers which, were called after they stated to Humana that it had reached a wrong number in the in the four years prior to the filing of the Complaint to the present.

**ANSWER: Humana objects to this Interrogatory as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, it is unclear what is meant by "called after they stated to Humana that it had reached a wrong number." Humana objects to the Interrogatory as it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information. _State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C._, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at *14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information**

of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to cull its records and/or phone recordings to determine each time a member, non-member, or other individual stated Humana had "reached a wrong number." *Id.* (holding the burden of reviewing and redacting the non-party files was not proportional to the needs of the case). Humana further objects as Plaintiff was called concerning a specific outreach campaign, the Special Needs Plan. Thus, calls related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore have no bearing on the merits of this case or on whether a class is certifiable.

Further, and without waiving the foregoing objections, Humana does not track information designating calls as "wrong number, wrong person, bad number or similar designation" in a centralized list. Humana tracks invalid numbers through manually editing member profiles in CGX notes, however, this data is maintained in individual member files and is not available in a searchable form other than reviewing each and every member file for an invalid designation in the member profile CGX notes. Accordingly, Humana does not have a feasible method of gathering the information in a manner that would be proportional to the needs of the case. Moreover, even if Humana could identify every "wrong number, wrong person, bad number, or similar designation calls" placed by Humana, the information would have little, if any, probative value to any issue being litigated in this case, as any such calls would be the result of a litany of separate and individualized issues.

14

**INTERROGATORY NO. 14:**

Identify all databases which show wrong person, wrong number, bad number and similar

designations. For each database, identify the data dictionary, identify each table that contains call

data or information about a wrong-person, wrong-number, bad number and similar notifications,

identify and define all codes and fields in each such table, and define the nature of the data in

each field (e.g., phone number called, date called, call duration, etc.) in the in the four years prior

to the filing of the Complaint to the present.

**ANSWER: Humana objects to this Interrogatory as overbroad, vague, unduly
burdensome, and not narrowly tailored to lead to the discovery of admissible evidence.
Specifically, Humana objects to the Interrogatory as the term "wrong number, wrong
person, bad number" is not sufficiently defined or limited in scope. Humana further objects
as Plaintiff was called concerning a specific outreach campaign. Thus, calls related to any
other campaigns or programs are irrelevant for purposes of this action, and would not be
representative of the purported class Plaintiff seeks to represent and therefore have no
bearing on the merits of this case or on whether a class is certifiable. Moreover, even if
Humana could identify every "wrong number, wrong person, bad number, or similar
designation calls" placed by Humana, the information would have little, if any, probative
value to any issue being litigated in this case, as any such calls would be the result of a litany
of separate and individualized issues.**

**Further, and without waiving the foregoing objections, Humana does not track
information designating calls as "wrong number, wrong person, bad number or similar
designation" in a centralized list. Humana tracks invalid numbers through manually editing
member profiles in their member database, however, this data is maintained in individual
member files and is not available in a searchable form other than reviewing each and every**

member file for an invalid designation in the member profile. Accordingly, Humana's member database contains information concerning all members.

**INTERROGATORY NO. 15:**

Identify all databases and database tables that contain outbound call log records for Defendant and/or that designate a phone number as wrong person, wrong number, bad number, or similar label. For each database table, identify each field name, identify what information is stored in each field (e.g., phone number called, date called, call duration, call disposition, etc.), and identify and explain any codes used in each field in the four years prior to the filing of the Complaint to the present.

**ANSWER: Humana objects to this Interrogatory as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, Humana objects to the Interrogatory as the term "wrong number, wrong person, bad number" is not sufficiently defined or limited in scope. Humana further objects to the Request as it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information.  *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to cull its records**

and/or listen to every phone call recording from the last four years. *Id.* (holding the burden of reviewing and redacting the non-party files was not proportional to the needs of the case). Humana further objects as Plaintiff was called concerning a specific outreach campaign. Thus, calls related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore have no bearing on the merits of this case or on whether a class is certifiable.

Further, and without waiving the foregoing objections, Humana does not track information designating calls as "wrong number, wrong person, bad number or similar designation" in a centralized list. Humana tracks invalid numbers through manually editing member profiles in CGX notes, however, this data is maintained in individual member files and is not available in a searchable form other than reviewing each and every member file for an invalid designation in the member profile CGX notes. Accordingly, Humana does not have a feasible method of gathering the information in a manner that would be proportional to the needs of the case. Moreover, even if Humana could identify every "wrong number, wrong person, bad number, or similar designation calls" placed by Humana, the information would have little, if any, probative value to any issue being litigated in this case, as any such calls would be the result of a litany of separate and individualized issues.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Produce all documents that were used or referenced in response to the Interrogatory
answers.

**RESPONSE: Humana objects to this Request as discovery is ongoing and Humana reserves
the right to supplement this response as necessary under the Federal Rules of Civil
Procedure. Without waiving the objection, see Humana000001 - 2 produced herewith.**

**REQUEST NO. 2:**

Produce all documents that Defendant alleges support any defenses to the allegations in
the Complaint or which are responsive to the Interrogatories.

**RESPONSE: Humana objects to this Request as discovery is ongoing and Humana has not
yet determined all documents it will use to support its defenses in this matter. Humana
reserves the right to produce additional documents that support its defenses in this matter
as discovery proceeds. Without waiving the objection, see Humana000001 – 2 produced
herewith.**

**REQUEST NO. 3:**

Produce all agreements of any kind between Plaintiff and Humana.

**RESPONSE: Humana is unaware of any agreements between it and Plaintiff. Discovery
has only just begun and Humana reserves its right to amend this response as investigation
continues.**

**REQUEST NO. 4:**

Produce every document related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with any person identified in the Interrogatories.

**RESPONSE: Humana objects to this Request as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, it is unclear what is meant by "transmission summaries." Humana further objects to the Request as it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information.** *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.***, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to cull its records and/or listen to every phone call recording from the last four years.** *Id.* **(holding the burden of reviewing and redacting the non-party files was not proportional to the needs of the case) Humana further objects as Plaintiff was called concerning a specific outreach campaign, the Special Needs Plan. Thus, calls related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff**

seeks to represent and therefore have no bearing on the merits of this case or on whether a class is certifiable.

Without waiving the objections, see Humana000001, which is a list of outbound calls to the phone number at issue during the relevant time period.

**REQUEST NO. 5:**

Produce the outbound call lists, do not call lists, call logs, transmission summaries, and call records and the databases where this information is stored for the four years prior to the filing of the Complaint to the present.

**RESPONSE: Humana objects to this Request as significantly overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, it is unclear what is meant by "transmission summaries." It is further unclear what information is sought by the Request as "this information" does not identify to what information it refers. Humana objects to the Request to the extent it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information.** *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, **No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to produce a log of every call made in the**

last four years. *Id.* (holding the burden of reviewing and redacting the non-party files was not proportional to the needs of the case). Humana further objects as Plaintiff was called concerning a specific outreach campaign. Thus, calls related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore have no bearing on the merits of this case or on whether a class is certifiable.

Without waiving the objections, Humana maintains an enterprise-wide Do-Not-Call (DNC) list that is updated nightly with telephone numbers received from Humana's various business units of individuals who asked Humana to cease contact to their telephone numbers(s) for any reason. Depending on the request, the Humana member's contact information is either listed on the All DNC list, indicating that the member does not want to receive any outreach from Humana and/or the telemarking DNC list, which precludes any outreach that would be considered telemarketing, or  an opt-out of care management list, indicating that the member does not want to receive outreach for care follow-up.  Humana objects to production of the DNC list because there are innumerable reasons an individual chooses to be included on the do not call list which are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore have no bearing on the merits of this case or on whether a class is certifiable.

**REQUEST NO. 6:**

Produce all documents that relate to prior express consent or an established business relationship regarding the calls set forth above.

**RESPONSE: Humana objects to this Request as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, Humana objects to the Request as the term "established business relationship"**

is not sufficiently defined or limited in scope. Humana objects to the Request as it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information. *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at *14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to cull its records and/or phone recordings to determine each time a member, non-member, or other individual stated Humana had "express consent" to be contacted by Humana. *Id.* (holding the burden of reviewing and redacting the non-party files was not proportional to the needs of the case) Humana further objects as Plaintiff was called concerning a specific outreach campaign. Thus, calls related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore have no bearing on the merits of this case or on whether a class is certifiable.

Further, calls to consenting Humana members are unrelated to the individualized nature of Plaintiff's claims and would not be cognizable under the TCPA. *See Baisden v. Credit Adjustments, Inc.,* 813 F.3d 338, 346 (6th Cir. 2016)(holding consumers may give prior express consent to be called, taking the claim outside the TCPA).

**Without waiving the objections, the member Humana thought it was calling consented to outreach from Humana when she enrolled in her insurance plan. She did not revoke consent to be contacted by Humana during the relevant time period.**

<u>REQUEST NO. 7</u>:

Produce all formal or informal consumer complaints, internal investigations, and policies on wrong numbers, bad numbers and wrong persons calls or failure to honor a do not call request in the in the four years prior to the filing of the Complaint to the present.

**RESPONSE: Humana objects to this Request as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, Humana objects to the Request as the term "formal or informal customer complaints" is not sufficiently defined or limited in scope. Humana objects to the Request as it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information. _State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C._, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to cull its records and/or phone recordings to determine each time a member complained specifically about Humana's communication policies. Moreover, the Request contains multiple requests for individualized**

documents in a single Request. As such, Humana reserves the right to object to future Requests based on numerosity.   Humana objects to the Request as calling for confidential and proprietary information in Humana's internal policies. Humana objects to producing policies and procedures without a protective order.

Humana further objects as Plaintiff was called concerning a specific outreach campaign, the Special Needs Plan. Thus, complaints related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore has no bearing on the merits of this case or on whether a class is certifiable. Finally, Humana does not keep a master log or singular database of all "complaints" from which it could reasonably respond to this Request. Like most institutions, Humana does not have one specific location for members to contact it to request information and/or state discontent with a specific item. Humana's members may request information or state discontent by many methods, including answering any calls they receive. Because there are several avenues to speak to Humana associates to obtain information or express discontent, there is not one single location in which to locate complaints, especially not complaints specific to the claims in this case. Read literally, this Interrogatory requires Humana to conduct an enterprise-wide search for every potential "complaint" –the search alone might take thousands of hours to fashion and accomplish.

**REQUEST NO. 8:**

Produce documents sufficient to identify to which numbers a call was placed after
Humana's records showed that the called party was not the person Humana intended to reach or
that the called party indicated that Humana contacted the wrong person or telephone number in
the four years prior to the filing of the Complaint to the present.

**RESPONSE: Humana objects to this Request as overbroad, vague, unduly
burdensome, and not narrowly tailored to lead to the discovery of admissible evidence.
Specifically, Humana objects to the Request is vague to the point of being incomprehensible.
Humana objects to the Request as it seeks personal identifying information of individuals
not parties to this matter, which is highly sensitive and confidential information of
individuals who have not and cannot give consent to the disclosure of their personal
information.** ***State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.****,* **No.
4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14 (E.D. Mich. July 7, 2015) (declining to
compel production of personal identifying information of non-customers medical
information where potential harm to non-parties outweighed the benefit of disclosure). To
the extent providing such information would be a violation of Humana's obligations under
45 CFR § 164.512, Humana objects to production without a qualified protective order or
other Order of the Court. Further, Humana objects to the extent this request is not
proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it
would require Humana to cull its records and/or phone recordings to determine each time
Humana contacted a member, non-member, or other individual by mistake following a prior
mistaken phone call.** ***Id.*** **(holding the burden of reviewing and redacting the non-party files
was not proportional to the needs of the case). Humana tracks invalid numbers through
manually editing member profiles in CGX notes, however, this data is maintained in**

individual member files and is not available in a searchable form other than reviewing each and every member file for an invalid designation in the member profile CGX note. Accordingly, Humana does not have a feasible method of gathering the information in a manner that would be proportional to the needs of the case.

**REQUEST NO. 9:**

Produce all internal policies, procedures, communications, reports, and compliance documents related to people who advised Defendant that they had called a wrong number for the four years prior to the filing of the Complaint to the present.

**RESPONSE: Humana objects to this Request as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, Humana objects to the Request as it is unclear what is meant by "documents related to people who advised Defendant that they had called a wrong number." Humana objects to the Request as it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information.** *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, **No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it is unclear what policies and procedures could be responsive to the request. Moreover, the Request contains multiple requests for**

individualized documents in a single Request. As such, Humana reserves the right to object to future Requests based on numerosity.

Humana objects to the Request as calling for confidential and proprietary information in Humana's internal policies. Humana objects to producing policies and procedures without a protective order. Humana further objects as Plaintiff was called concerning a specific outreach campaign, the Special Needs Plan. Thus, complaints related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore has no bearing on the merits of this case or on whether a class is certifiable. Finally, Humana does not keep a master log or singular database of all "wrong numbers" from which it could reasonably respond to this Request. Like most institutions, Humana does not have one specific location for members to contact it to request information and/or state discontent with a specific item. Humana's members may request information or state discontent by many methods, including answering any calls they receive. Because there are several avenues to speak to Humana associates to obtain information or express discontent, there is not one single location in which to locate complaints, especially not complaints specific to the claims in this case. Read literally, this Interrogatory requires Humana to conduct an enterprise-wide search for every potential "complaint" –the search alone might take thousands of hours to fashion and accomplish.

Without waiving the objections, unsuccessful attempts or invalid attempts to contact members are recorded in an individual database for the member for whom the call was intended. However, this data does not specify "wrong number." Accordingly, Humana could not identify whether the call was to a wrong number or was invalid for some other reason

and does not have a feasible method of gathering the information in a manner that would be proportional to the needs of the case.

**REQUEST NO. 10:**

Produce all documents provided to, or received from, anyone making calls on behalf of Defendant like the call made to Plaintiff, including calling instructions, wrong numbers, and TCPA compliance in the four years prior to the filing of the Complaint to the present.

**RESPONSE: Humana objects to this Request as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, Humana objects to the Request as vague to the point of being incomprehensible. To the extent the request is seeking trainings and/or policies and procedures concerning communications, Humana objects to the Request as calling for confidential and proprietary information in Humana's internal policies and campaign call scripts. Humana objects to producing policies and procedures without a protective order. Moreover, the Request contains multiple requests for individualized documents in a single Request. As such, Humana reserves the right to object to future Requests based on numerosity.**

**Further, Humana objects to the extent this request is not relevant or proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as calls made by a Humana call center representative are outside the scope of the TCPA claim. *See Duguid v. Facebook* 141 S.Ct. 1163, 1169 (2021) (holding if the equipment used lacks either the ability to store or produce telephone numbers using a random or sequential number generator, the equipment is not an ATDS and liability under the TCPA cannot attach). Humana reserves the right to amend this response if the information requested is further clarified.**

**REQUEST NO. 11:**

Produce detailed call records that would identify people that received wrong number calls from Humana in the four years prior to the filing of the Complaint to the present.

**RESPONSE: Humana objects to this Request as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, Humana objects to the Request as not limited by member verses non-member. Humana objects to the Request to the extent it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information.** *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.***, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to cull its records and/or phone recordings from the past four years to determine each time Humana contacted a member, non-member, or other individual by calling the wrong number.** *Id.* **(holding the burden of reviewing and redacting the non-party files was not proportional to the needs of the case) Humana further objects as Plaintiff was called concerning a specific outreach campaign, the Special Needs Plan. Thus, complaints related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore**

has no bearing on the merits of this case or on whether a class is certifiable. Finally, Humana

does not keep a master log or singular database of all "wrong numbers" from which it could

reasonably respond to this Request.

Without waiving the objections, Humana produces the call recording with named

Plaintiff.

REQUEST NO. 12:

Produce all databases which show wrong person, wrong number, bad number and similar

notifications, each data dictionary that goes with the database, each table that contains call data

or information about a wrong person, wrong number, bad number and similar notifications,  and

all documents that define all codes and fields in each such table, and define the nature of the data

in each field (e.g., phone number called, date called, call duration, etc.) in the four years prior to

the filing of the Complaint to the present.

RESPONSE: Humana objects to this Request as overbroad, vague, unduly

burdensome, and not narrowly tailored to lead to the discovery of admissible evidence.

Specifically, Humana objects to the Request as not limited by member verses non-member

and the terms "wrong person, wrong number, bad number" are not sufficiently defined.

Humana objects to the Request to the extent it seeks personal identifying information of

individuals not parties to this matter, which is highly sensitive and confidential information

of individuals who have not and cannot give consent to the disclosure of their personal

information. *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, No.

4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at *14 (E.D. Mich. July 7, 2015) (declining to

compel production of personal identifying information of non-customers medical

information where potential harm to non-parties outweighed the benefit of disclosure). To

the extent providing such information would be a violation of Humana's obligations under

45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to cull its records and/or phone recordings from the past four years to determine each time Humana contacted a member, non-member, or other individual by calling the wrong number. *Id.* (holding the burden of reviewing and redacting the non-party files was not proportional to the needs of the case) Humana further objects as Plaintiff was called concerning a specific outreach campaign, the Special Needs Plan. Thus, complaints related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore has no bearing on the merits of this case or on whether a class is certifiable. Humana objects to the Request as calling for confidential and proprietary information in Humana's internal policies. Humana objects to producing policies and procedures without a protective order.

Further, and without waiving the foregoing objections, Humana does not track information designating calls as "wrong number, wrong person, bad number or similar designation" in a centralized list. Humana tracks invalid numbers through manually editing member profiles in CGX notes, however, this data is maintained in individual member files and is not available in a searchable form other than reviewing each and every member file for an invalid designation in the member profile CGX notes. Accordingly, Humana does not have a feasible method of gathering the information in a manner that would be proportional to the needs of the case.

**REQUEST NO. 13**:

Produce each unique artificial or prerecorded voice call script used to call any of the
numbers identified in responsive to Interrogatories in the four years prior to the filing of the
Complaint though the present.

**RESPONSE: Humana objects to this Request as overbroad, vague, unduly
burdensome, and not narrowly tailored to lead to the discovery of admissible evidence.
Specifically, Humana objects to the Request as not limited by a particular Interrogatory or
call type and the term "unique artificial" is not sufficiently defined. Humana objects to the
Request as calling for confidential and proprietary information in Humana's intellectual
property. Humana objects to producing same without a protective order.**

<u>**REQUEST NO. 14**</u>**:**

Produce records for all calls that were "wrong number" calls as determined by any
method that Humana uses for designating such calls, wrong number coding, freehand account
notes, and information regarding their removal by the system in the four years prior to the filing
of the Complaint to the present.

**RESPONSE: Humana objects to this Request as overbroad, vague, unduly
burdensome, and not narrowly tailored to lead to the discovery of admissible evidence.
Specifically, Humana objects to the Request as not limited by member verses non-member,
nor is "wrong number" defined. Humana objects to the Request to the extent it seeks
personal identifying information of individuals not parties to this matter, which is highly
sensitive and confidential information of individuals who have not and cannot give consent
to the disclosure of their personal information.  *State Farm Mut. Auto. Ins. Co. v. Warren
Chiropractic & Rehab Clinic P.C.*, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14
(E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information
of non-customers medical information where potential harm to non-parties outweighed the**

benefit of disclosure). Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to cull its records and/or phone recordings to determine each time Humana contacted a member, non-member, or other individual by calling the wrong number. *Id.* (holding the burden of reviewing and redacting the non-party files was not proportional to the needs of the case). Humana further objects as Plaintiff was called concerning a specific outreach campaign, the Special Needs Plan. Thus, complaints related to any other campaigns or programs are irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent and therefore has no bearing on the merits of this case or on whether a class is certifiable.

Further, and without waiving the foregoing objections, Humana does not track information designating calls as "wrong number, wrong person, bad number or similar designation" in a centralized list. Humana tracks invalid numbers through manually editing member profiles in CGX notes, however, this data is maintained in individual member files and is not available in a searchable form other than reviewing each and every member file for an invalid designation in the member profile CGX notes. Accordingly, Humana does not have a feasible method of gathering the information in a manner that would be proportional to the needs of the case.

**REQUEST NO. 15:**

Produce all documents and electronically stored information evidencing consent Humana had to make, or cause to be made, calls or attempted calls to the telephone numbers set forth above in the four years prior to the filing of the Complaint to the present.

**RESPONSE: Humana objects to this Request as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence.**

Specifically, Humana objects to the Request as not limited to Plaintiff and does not otherwise limit the request to members verses non-members. Humana objects to the Request to the extent it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information. *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at *14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-members medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this Request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as calls made with prior consent would be outside the scope of 47 U.S.C § 227(b). *See Baisden v. Credit Adjustments, Inc.,* 813 F.3d 338, 346 (6th Cir. 2016) (holding consumers may give prior express consent to be called, taking the claim outside the TCPA).

Without waiving the objections, the member Humana intended to call was a member of a Special Needs Plan which is a Medicare Advantage/Medicaid program.  Being a member of this plan requires a Health Risk Assessment be completed in first 90 days and every 365 days thereafter. The care management program of an Special Needs Plan requires the member to specifically opt out.  The member can request that he/she not receive outreach from the care management program but because Plaintiff was not a member, he could not opt out on behalf of the member Humana intended to call. If Plaintiff had been a member of

the Special Needs Plan, he could have opted out of additional calls from the care management program. The Humana member Humana intended to call had not opted out of the plan.

**REQUEST NO. 16:**

Produce all communications and other documents of any kind determining whether consumer assertions of "wrong numbers" were valid in the four years prior to the filing of the Complaint to the present.

**RESPONSE: Humana objects to this Request as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, Humana objects to the Request as it is unclear what is kind of information is sought which would demonstrate "consumer assertions of 'wrong numbers' were valid." Humana objects to the Request to the extent it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information. *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customer medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to cull its records and/or phone recordings to determine each time Humana contacted a member who correctly claimed that Humana contacted the wrong number. *Id.* (holding the**

burden of reviewing and redacting the non-party files was not proportional to the needs of the case).

Further, and without waiving the foregoing objections, Humana does not track information designating calls as "wrong number, wrong person, bad number or similar designation" in a centralized list.  Humana tracks invalid numbers through manually editing member profiles in CGX notes, however, this data is maintained in individual member files and is not available in a searchable form other than reviewing each and every member file for an invalid designation in the member profile CGX notes. Accordingly, Humana does not have a feasible method of gathering the information in a manner that would be proportional to the needs of the case.

REQUEST NO. 17:

Produce all documents in the four years prior to the filing of the Complaint to the present related to the procedures for maintaining an internal do not call list.

RESPONSE:  Humana objects to the Request as calling for confidential and proprietary information in Humana's internal policies and employee trainings. Humana objects to producing policies, procedures, or employee trainings without a protective order. Humana will produce a copy of its policies for complying with the TCPA and/or Do Not Call rules and regulations following the entry of an appropriate protective order.


REQUEST NO. 18:

Produce all documents in the four years prior to the filing of the Complaint to the present related to all policies, practices, and procedures relating to the calling of wrong numbers.

RESPONSE: Humana objects to this Request as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence.

Specifically, Humana objects to the Request as it is unclear what types of policies would relate to "calling wrong numbers." Humana further objects to the Request as calling for confidential and proprietary information in Humana's internal policies and employee trainings. Humana objects to producing policies, procedures, or employee trainings without a protective order.

Without waiving the objections, Humana does not intentionally call wrong numbers and does not intentionally call non-members.

**REQUEST NO. 19:**

Produce all documents in the four years prior to the filing of the Complaint to the present related to determining what phone numbers are properly associated with customers, and which are not.

**RESPONSE: Humana objects to this Request as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, Humana objects to the Request as it is unclear what types of documents would demonstrate a negative inference, namely that a number is not correct. Humana objects to the Request to the extent it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information. *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further,**

Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to cull all member records to determine whether correct phone numbers were provided by members. To the extent the Request is seeking information related to correct calls to members with consent, the Request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as calls made with prior consent would be outside the scope of 47 U.S.C § 227(b). *See Baisden v. Credit Adjustments, Inc.,* 813 F.3d 338, 346 (6th Cir. 2016)(holding consumers may give prior express consent to be called, taking the claim outside the TCPA).

Without waiving these objections, Humana does not intentionally call wrong numbers and does not intentionally call nonmembers. Humana relies on the information provided by members when they enroll in plans with Humana.

**REQUEST NO. 20:**

Produce all databases and database tables that contain outbound call log records for Defendant and/or that designate a phone number as wrong person, wrong number, bad number, or similar label. For each database table, identify each field name, identify what information is stored in each field (e.g., phone number called, date called, call duration, call disposition, etc.), and identify and explain any codes used in each field in the four years prior to the filing of the Complaint to the present.

**RESPONSE: Humana objects to the Request as cumulative and duplicative of several other Requests herein. Humana objects to this Request as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Specifically, it is unclear what is meant by "wrong person, wrong number, bad number." Humana objects to the Request as it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of**

individuals who have not and cannot give consent to the disclosure of their personal information. *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at *14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects to production without a qualified protective order or other Order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require Humana to produce a log of every call made in the last four years. *Id.* (holding the burden of reviewing and redacting the non-party files was not proportional to the needs of the case).

Without waiving the objection, see Humana000001.

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION 1:**

Admit that Humana made prerecorded calls to David Elliott.

**RESPONSE: Humana objects to this Request to the extent it calls for a legal conclusion, particularly with regard to the extent it involves "prerecorded calls." Subject to and without waiving its objections, Humana admits that based upon its review of Humana's business records, it placed calls to the telephone number identified by Plaintiff. To the extent any further response is required, Humana denies the remainder of the Request.**

**REQUEST FOR ADMISSION 2:**

Admit that David Elliott had no relationship with Humana.

**RESPONSE: Humana objects to this Request as vague and ambiguous, as the phrase "relationship with Humana" is undefined and imprecise.**

**Subject to and without waiving its objections, Humana admits that, according to its business records, Plaintiff was not a member of any insurance plan administered by Humana at any time pertinent to the allegations in Plaintiff's Complaint. Humana further admits that it believed the telephone number it was calling was associated with a Humana member and Humana believed it was contacting that individual, not Plaintiff. To the extent any further response is required, Humana denies the remainder of the Request.**

**REQUEST FOR ADMISSION 3:**

Admit that David Elliott had no account with Humana.

**RESPONSE: Humana admits that, according to its business records, Plaintiff was not a member of any insurance plan administered by Humana at any time pertinent to the allegations in Plaintiff's Complaint. Humana further admits that it believed the telephone number it was calling was associated with a Humana member and Humana believed it was**

contacting that individual, not Plaintiff.  To the extent any further response is required, Humana denies the remainder of the Request.

**REQUEST FOR ADMISSION 4:**

Admit that Humana had no consent to call David Elliott.

**RESPONSE: Humana objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving its objections, Humana admits that, according to its business records, Plaintiff was not a member of any insurance plan administered by Humana at any time pertinent to the allegations in Plaintiff's Complaint.  Humana further admits that it believed the telephone number it was calling was associated with a Humana member, who had provided consent to be contacted by Humana, and Humana believed it was contacting that individual, not Plaintiff.  To the extent any further response is required, Humana denies the remainder of the Request.  Humana further admits that it had consent, or reasonable information to believe it had consent, from the member it believed it was contacting with the number identified by Plaintiff.  Thus, Humana admits it had not received any consent directly from Plaintiff, but denies the Request to the extent it suggests Humana did not have, or believe it had, consent and authorization to call the telephone number in question.  To the extent any further response is required, Humana denies the remainder of the Request.**

**REQUEST FOR ADMISSION 5:**

Admit that David Elliott did not owe Humana any money.

**RESPONSE: Humana objects to this Request as irrelevant and disproportional to the needs of the case, as there is no allegation or plausible basis to suggest that Humana was attempting to collect any money from Plaintiff.  Subject to and without waiving its objections, Humana admits that Plaintiff did not owe Humana any money at any time pertinent to the facts of**

this litigation that it is currently aware of nor was that the basis of the calls that were intended for the Humana member.

**REQUEST FOR ADMISSION 6:**

Admit that the calls to David Elliott did not have an opt-out mechanism or any recording about how to opt out.

**RESPONSE: The member Humana intended to call was a member of a Special Needs Plan which is a Medicare Advantage/Medicaid program. Being a member of this plan requires a Health Risk Assessment be completed in first 90 days and every 365 days thereafter. The care management program of an SNP plan requires the member to specifically opt out. The member can request that he/she not receive outreach from the care management program but because Plaintiff was not a member, he could not opt out on behalf of the member Humana intended to call. If Plaintiff had been a member of the SNP plan, he could have opted out of additional calls from the care management program. The member Humana intended to contact had not opted out.**

**REQUEST FOR ADMISSION 7:**

Admit that the calls to David Elliott were calls to a wrong number.

**RESPONSE: Admit.**

**REQUEST FOR ADMISSION 8:**

Admit that Humana does not check the FCC's reassigned number database before calling numbers.

**RESPONSE: Humana can neither admit or deny Request 8. Humana's investigation concerning the Request is ongoing and Humana will supplement its response when it is able to provide a complete response.**

**REQUEST FOR ADMISSION 9:**

Admit that Humana keeps a list of calls designated as wrong number, bad number, or wrong person.

**RESPONSE: Humana admits it maintains an internal Do Not Call list in compliance with the TCPA. Humana further admits it does not track information designating calls as "wrong number, wrong person, bad number or similar designation" in a centralized list. Humana tracks invalid numbers through manually editing member profiles in CGX notes, however, this data is maintained in individual member files and is not available in a searchable form other than reviewing each and every member file for an invalid designation in the member profile CGX notes.**

**REQUEST FOR ADMISSION 10:**

Admit that David Elliott did not provide the phone number called to Humana.

**RESPONSE: Humana objects to this Request as vague. Humana cannot determine what is meant by this Request and therefore denies same. Without waiving the objections, Humana admits it received the number at issue from the member it intended to contact, specifically from her primary care physician. Humana is unaware how Plaintiff is connected to member, if at all, or how the primary care physician obtained the number.**

**REQUEST FOR ADMISSION 11:**

Admit that it is possible to run a query of your database to identify "wrong number" recipients of calls.

**RESPONSE: Denied.**

**REQUEST FOR ADMISSION 12:**

Admit that Humana obtained David Elliott's number through a skip trace service.

**RESPONSE: Denied.**

DATED: January 6, 2023.

Respectfully submitted,

/s/ K. Cassandra Carter
H. Toby Schisler (admission *pro hac vice*)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8152
Fax: (513) 977-8141
Email: toby.schisler@dinsmore.com

K. Cassandra Carter, Esq. (KBA #98018)
Dinsmore & Shohl LLP
City Center
100 West Main Street, Suite 900
Lexington, KY  40507
Telephone:  (859) 425-1033
Fax:  (859) 425-1099
E-Mail:  cassandra.carter@dinsmore.com
*Counsel for Humana Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Responses to Plaintiff's First Set of Interrogatories, Request for Production of Documents and Request for Admissions to Defendant Humana, Inc. was served upon Plaintiff's counsel via email on January 6, 2023. Verification by Humana will be sent separately.

/s/ K. Cassandra Carter
*Counsel for Humana Inc*