UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:22-CV-00329-RGJ-CHL

DAVID ELLIOT,                                                                          **Plaintiff,**

**v.**

HUMANA INC.,                                                                          **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is the Motion to Compel the Production of End of Day Reports for Full Class Period filed by Plaintiff David Elliot ("Plaintiff").  (DN 68.)  Defendant Humana Inc. ("Defendant") has filed a response (DN 72), and Plaintiff has filed a reply (DN 77.)  Therefore, the motion is ripe for review.

For the reasons set forth below, Plaintiff's Motion (DN 68) is **GRANTED**.

I.       **BACKGROUND**

In this action, Plaintiff is seeking relief for Defendant's alleged violations of 47 U.S.C. § 227(b), 47 C.F.R. § 64.1200(a), 47 C.F.R. § 64.1200(d), and 47 C.F.R. § 64.1200(a)(7).  (DN 1 at ¶¶ 52-66.)  Plaintiff is also seeking to certify this action as a Class Action based on his allegations that numerous other individuals have been affected by repetitive robocalls sent by Defendant over a period of four years.  (*Id.*)  Plaintiff alleges that Defendant makes prerecorded calls to people with cell phones who are not Humana customers, and that such telemarketing calls do not provide an opt-out mechanism.  (*Id.* at ¶ 4.)  Plaintiff further alleges that Defendant did not have an internal Do Not Call registry prior to making those telemarketing calls and did not honor Do Not Call requests in a timely manner.  *Id.*  Plaintiff also alleges that he, as well as other members of the

class, have experienced "frustration, stress, and anxiety" due to Defendant's alleged repetitive calls (*Id.* at ¶ 8.)

Now, Plaintiff is seeking discovery of four years of outbound call lists, do not call lists, call logs, transmission summaries, and call records.  (DN 68.)  The documents that Plaintiff seeks are known as the End of Day reports, which include all member data for each member called on a given day and the outcome of the call.  (DN # 72, at PageID # 403.)  Plaintiff states that these reports are needed to demonstrate that his proposed class meets all the requirements for certification of a class action under Rule 23.  Plaintiff first made a request for these documents on November 22, 2022.  (DN 68, at PageID # 242.)  Plaintiff made a second request for these documents in February of 2023.  (*Id.* at PageID # 243.)   On August 11, 2023, Defendant produced to Plaintiff the End of Day reports from January 2022 through June 2022, but Plaintiff informed Defendant on January 8, 2024, that these six months of reports were insufficient.  (DN 72, at PageID # 404.)

In a letter to Defendant on February 2, 2024, Plaintiff maintained that he would be entitled to the four years of reports but agreed for the time that he could accept the limited data if Defendant stipulated that the remaining data was the same as the data produced.  (DN 72-5, at PageID # 362.)  Defendant agreed, and Plaintiff provided a draft stipulation on July 19, 2024.  (DN 72, at PageID # 405.)  The Parties worked together over the following month to come to an agreement on the stipulation, but to no avail.  (*Id.*)  Now, Plaintiff has filed this Motion to Compel the production of the End of Day reports for four years immediately preceding this action.  (DN 68.)

## II.     DISCUSSION

### A.     Legal Standard

The scope of discovery is within the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). A ruling by the trial court limiting or denying discovery is reviewed under an abuse of discretion standard. *Id.* An abuse of discretion exists when the reviewing court is "firmly convinced" that a mistake has been made. *Bush v. Rauch*, 38 F.3d 842, 848 (6th Cir. 1994).

### B.    Analysis

Under Rule 26(b)(1), Parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining whether such information is proportional to the needs of the case, courts consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the Parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* A party may move to compel discovery within the scope of Rule 26(b)(1). Fed. R. Civ. P. 37(a)(3)(B).

### 1.    Relevance

Information must be relevant to be discoverable. Fed. R. Civ. P. 26(b)(1). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978). Relevant information may even "illuminate issues upon which a district court must pass" to decide whether a class may be certified. *Id.* at 351 n. 13. When one party objects to the relevance of information that the other party has requested, the requesting party bears the burden to demonstrate that the requested information is relevant. *Wei Qiu v. Bd. of Educ. of*

*Jefferson Cnty. Pub. Sch.*, No. 3:22-CV-00529-DJH-CHL, 2023 WL 5616075, at *3 (W.D. Ky. Aug. 29, 2023).

In TCPA cases such as this, courts have held that outbound call lists are relevant to the numerosity and commonality requirements for class certification under Rule 23. *Medina v. Enhanced Recovery Co., LLC*, No. 15-14342-CIV, 2017 WL 5196093 at *3 (S.D. Fla. Nov. 9, 2017); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017); *Doherty v. Comenity Cap. Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017).  In *Fralish v. Digit. Media Sol., Inc.*, the court held that information relating to the number of telephone numbers or individuals to which the defendant had sent text messages was relevant to the numerosity and commonality requirements of Rule 23.  No. 3:21-CV-00045-JD-MGG, 2021 WL 5370104, at *8-9 (N.D. Ind. Nov. 17, 2021).  Even though the information likely included individuals who would not have a TCPA claim, the information was still helpful to the plaintiff in quantifying the number of calls made to putative class members.  *Id.*  Accordingly, the court found that the text message-related information was relevant to the numerosity requirement of Rule 23.  *Id.*

Here, the End of Day reports for the past four years are relevant to the prerequisites of class certification.  (DN 68, at PageID # 246.)  A list of pre-recorded calls, the numbers associated with those calls, as well as the names associated with those numbers for the last four years would help to illuminate how many persons or entities would qualify for the class, and as such would be relevant to the numerosity requirement of Rule 23.  Such a list would also help to illuminate how many of those persons or entities received prerecorded calls from Defendant over the past four years despite making a Do Not Call request, thus bearing on the issue of commonality.

Defendant states in its response that the additional information sought by Plaintiff would not be relevant to Plaintiff's individual claim for relief.  (DN 72, at PageID # 407.)  While it is true that such information covers a three-and-a-half-year period that does not include the time during which Plaintiff was allegedly contacted, that does not mean that such information would be irrelevant to the prerequisites for class certification.  The class includes recipients of pre-recorded calls over a four-year period, and thus a list of numbers called over that period would be relevant to that class, even if most of the numbers included are not relevant to Plaintiff's individual claim. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) ("The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'") (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)).

Defendant also states that the End of Day reports "do not show whether the number called was a cell phone" or "whether a non-member was called."  (DN 72, at PageID # 408.)  But the fact that the reports will contain information about individuals who would not qualify for the class does not mean that the rest of the information in the list is not relevant.  *Fralish*, 2021 WL 5370104, at *9 (holding that the scope of class related information was relevant even though it will likely include information regarding individuals who do not have a claim).  The standard for relevance is whether the requested information appears reasonably calculated to lead to the discovery of admissible evidence.  *Oppenheimer*, 437 U.S. at 351.  Even if the list does not show whether a number belonged to a cell phone, or whether a non-member was called, that does not mean that the list could not reasonably lead Plaintiff to discovering other information that could allow Plaintiff to determine class size and commonality.

5

Accordingly, the Court finds that the Plaintiff has met his burden of demonstrating that the End of Day reports for the four years preceding the action are relevant to the prerequisites of class certification under Rule 23.

### 2.    Proportionality

To be discoverable, the requested information must be more than just relevant, it must also be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In determining whether such information is proportional to the needs of the case, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Once a party requesting discovery demonstrates that the requested information is relevant, the burden shifts to the resisting party to demonstrate why the requested information is not discoverable. *Qiu*, 2023 WL 5616075, at *3.

### a)    The Importance of the Issues at Stake in the Action and The Importance of Discovery in Resolving the Issues

Defendant states that discovery of the four-year report is not necessary to determine the number of calls that occurred during each year because Defendant has offered to stipulate to that number. (DN 72, at PageID # 415.) But a stipulation is meant to serve as an agreement between the parties that a particular fact will not be disputed. *See Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014). If Plaintiff is unwilling to stipulate to certain disputed facts, this Court should not penalize Plaintiff for not doing so by withholding important discovery.

Additionally, the issues at stake in this action are important. The outcome of this litigation could have a broad impact on Defendant's policies, with an even broader impact on consumers.

(DN 68, at PageID # 247.)  Plaintiff estimates that Defendant's alleged violations have impacted "tens, if not hundreds of thousands of individuals."  (*Id*.)  These issues are certainly important enough to justify discovery.

### b)       The Amount in Controversy and Parties' Resources

Defendant asserts that the amount in controversy does not justify the extensive costs in time and money that it has incurred over the course of discovery.  (DN 72, at PageID # 416.)  However, as this is a class action with a variable and currently unknown number of individuals, the amount in controversy may very well be high enough to justify such extensive discovery.  Additionally, while the Parties do not address it, this case involves a dispute between an individual and a corporation.  (DN 1 at ¶¶ 1, 3.)  The relative resources between a corporation and an individual are often unequal, and it is indisputable that Defendant's resources dwarf Plaintiff's.  Accordingly, while the difference in the Parties' resources weighs in favor of disclosure, the Amount in Controversy does not weigh either way.

### c)       The Parties' Relative Access to Relevant Information

Plaintiff asserts that Defendant has "exclusive control" over its call logs, and that he cannot obtain the relevant information from any other source.  (DN 68, at PageID # 247.)  Defendant responds that Plaintiff can obtain this information through statistical sampling and does not need Defendant's End of Day reports for the last four years.  (DN 72, at PageID # 414.)  Defendant cites to several cases in which courts have limited discovery to a sample of the data to balance the needs of the plaintiff with the burden on the defendant.  (*Id*.)  But the "fairness and utility" of statistical methods will depend on facts and circumstances particular to the case. *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 460 (2016).  In many of the cited cases, courts found that the burden on the party resisting discovery was much higher than the burden on Defendant here. *Solo v. UPS*

*Co.*, No. 14-12719, 2017 WL 85832, at *3 (E.D. Mich. Jan. 10, 2017) (noting that UPS would need to spend at least six months and $120,000 just to restore requested archived tapes); *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006) (holding that the defendant's request to conduct discovery on all 1,500 opt-in plaintiffs would both be an extraordinary burden and undermine the purpose of class actions); *Seabron v. Am. Fam. Mut. Ins. Co*., 862 F. Supp. 2d 1149, 1152 (D. Colo. 2012) ("Defendants estimate the burden of producing all files demanded by Plaintiffs 'would be between over 5,000 hours to over 15,000 hours of work.'").  In *Soto v. Castlerock Farming & Transp., Inc.*, the court only permitted sampling if the plaintiff had access to a statistically significant sample size.  282 F.R.D. 492, 504 (E.D. Cal. 2012).  In other cases, the sampling was sufficient to establish the commonality or adequacy requirements of class action certification, but not numerosity.  *Quintana v. Claire's Boutiques, Inc.*, No. 5:13-CV-00368-PSG, 2014 WL 234219 (N.D. Cal. Jan. 21, 2014) (holding that a 20% sample size as determined by the parties would allow Plaintiff to establish the commonality requirement of class action certification); *Miner v. Gov't Payment Serv., Inc.*, No. 14-CV-7474, 2017 WL 3909508 (E.D. Ill. Sept. 5, 2017) (holding that plaintiff was entitled to a statistical sampling size in order to determine whether he was an adequate representative of the class).

Here, Defendant has not demonstrated that the six-month report already available to Plaintiff is a statistically significant sample to establish numerosity and commonality.  The volume of prerecorded calls to wrong numbers within that period may be significantly higher than usual, or significantly lower than usual.  As such, the information within the six-month report may not be enough to establish either commonality or numerosity as required by Rule 23.

Additionally, Defendant does not face enough of a burden to justify sampling in lieu of providing the records for the entire class period.  Defendant states that, if one employee were

devoted to exclusively generating these reports, it would take that employee over an entire week to gather and transmit the requested information.  (DN 72, at PageID # 412.)  Other courts have compelled discovery despite even more time-consuming burdens.  *Mervyn v. Atlas Van Lines, Inc.*, 13 C 3587, 2015 WL 12826474 (N.D. Ill. Oct. 23, 2015) (holding that two weeks of active work to provide relevant data was not unduly burdensome); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 683 (N.D. Cal.) (holding that eight full time days of engineering time was not an undue burden). As sampling is intended to alleviate the burden on the party resisting discovery, the lack of an undue burden in this case does not justify the use of sampling.

 Because the relevant information in the four-year report is in Defendant's exclusive control, and because the circumstances do not justify sampling, this factor weighs in favor of discovery.

> **d)    Whether the Burden or Expense of the Proposed Discovery Outweighs its Likely Benefit.**

A party does not need to provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. Fed. R. Civ. P. 26(b)(2)(B).  On a motion to compel discovery or for a protective order, the party from whom discovery is sought must demonstrate that the electronically stored information is not reasonably accessible because of undue burden or cost.  *Id*.

Defendant contends that producing End of Day reports for the entirety of the class period would be excessive and would outweigh any potential benefit in discovery.  (DN 72, at PageID # 411.)  Defendant states that the separate End of Day reports for each day would have to be individually retrieved by Humana employees trained to retrieve that information, then these employees would have to review the information to ensure it was uploaded properly.  (*Id*. at PageID # 412.)  Defendant estimates that such a process would take, on average, at least three

minutes per End of Day Report, and it would take a total of 52.85 hours to gather and provide reports for the entire class period.  (*Id*.)  With the deadline to certify this action under Rule 23 being on October 29, 2024, Defendant would certainly be under a time crunch. (DN 53.)  However, Plaintiff first sought this information almost two years ago.  The time crunch is thus caused in large part by Humana's resistance, albeit in good faith, to the discovery and to the mutual failure of the parties to reach a stipulation that would obviate the need for the discovery.  Defendant further states that gathering and producing such information would incur a significant economic cost in maintaining the software, in addition to lost revenue by having its employees devote time to retrieving such data.  (*Id*. at PageID # 413.)  In total, Defendant estimates that the cost in retrieving such reports would add up to tens of thousands of dollars in litigation expense.  (*Id*.)

Defendant cannot resist discovery just because it is inconvenient and expensive. *Groupwell Int'l (HK) Ltd. v. Gourmet Express, LLC*, 277 F.R.D. 348, 360 (W.D. Ky. 2011).  This is especially true when the time and expense appears to be due to how Defendants have chosen to store the information.  *Cf. Chelsey Nelson Photography LLC v. Louisville/Jefferson Cnty. Metro. Gov't*, 556 F.Supp.3d 657, 675 (W.D. Ky. 2021).  The inconvenience to Defendant must outweigh the Plaintiff's need for relevant discovery to overcome the strong presumption in favor of disclosure.  *Id*.

Here, the needs of Plaintiff in obtaining the End of Day reports over the four-year period outweigh the burden on Defendant.  Plaintiff needs the End of Day reports over the four-year period to establish the numerosity and commonality requirements of class certification.  Moreover, Defendant maintains exclusive control over the End of Day reports, and the apparently arbitrary six months of data is neither sufficient to establish a representative sample for Plaintiff, nor

justified by the burden on Defendant.  Accordingly, the burden on Defendant is not outweighed by the benefit in disclosure.

### 3.  Conclusion

With the foregoing in mind, the Court finds that discovery of all End of Day reports for a period of four years prior to the filing of this action is appropriate.

### III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

(1)   Plaintiff's motion to compel (DN 68) is **GRANTED**.

(2)   Defendant shall produce the End of Day reports for the period of four years prior to the filing of this action on or before **October 8, 2024**.

September 24, 2024

Colin H Lindsay, Magistrate Judge

United States District Court

cc:  Counsel of record