UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID ELLIOT                                                                                              Plaintiff

v.                                                                                  Civil Action No. 3:22-cv-329-RGJ

HUMANA INC.                                                                                            Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Humana Inc. ("Humana") objects [DE 97] to the Magistrate Judge's Order [DE 96] granting a motion to compel discovery. [DE 75]. Plaintiff also moves for reconsideration of the court's order staying the Magistrate Judge's Order pending resolution of the objection. [DE 105]. For the reasons below, the objection is **OVERRULED** except that out of an abundance of caution the court will extend the time for compliance and the motion for reconsideration is **DENIED as moot**.

## I.   BACKGROUND

Plaintiff David Elliot ("Plaintiff") sued Humana for allegedly violating the Telephone Consumer Protection Act. [DE 1, Comp. at ¶¶ 52-66]. Plaintiff alleges Human contacted Plaintiff on his telephone numerous times despite not being a Humana customer. [*Id*. at ¶ 4]. Plaintiff seeks to certify his claims as a class action, alleging other individuals have been similarly affected by repetitive robocalls sent by Humana over a period of four years. [*Id*.].

Plaintiff requested that Humana produce all databases that show wrong person, wrong number, bad number, and similar notifications. [DE 75, at 437]. Humana responded that it maintained invalid numbers by manually editing member profiles in the CGX system, and that such files were not available in a searchable form, and that it did not have a feasible method for

gathering the information in a manner proportional to the needs of the case. [DE 85-1 at 703]. Several corporate representatives of Humana were deposed under Rule 30(b)(6), the last of which occurred after the close of discovery. As a result of the most recent deposition, Plaintiff filed a motion to compel an additional Rule 30(b)(6) deposition and discovery of the CGX files, as well as for sanctions for allegedly failing to prepare the corporate representative adequately. [DE 75]. Humana opposed the motion to compel and for sanctions. [DE 85]. After a telephonic conference with the Magistrate Judge, the Magistrate Judge granted the motion to compel an additional Rule 30(b)(6) witness and production of electronically stored information from the CGX system but denied the motion as to sanctions.[1]  [DE 96]. Humana timely objected to the Order. [DE 97]. Humana also sought a stay of the Magistrate Judge's order as to the CGX production, which the court granted. [DE 98, DE 103]. Plaintiff moves the court to reconsider the stay. [DE 105].

## II.   STANDARD OF REVIEW

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The Court has considerable discretion when handling discovery matters, such as deciding if information might be relevant." *Hadfield v. Newpage Corp.*, No. 5:14-CV-27-TBR-LLK, 2016 WL 427924, at *3 (W.D. Ky. Feb. 3, 2016) (citing *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008)). The proper scope of discovery is determined by "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information "need not be admissible in evidence to be discoverable," *id.*, and relevancy should be

---

[1] The Court referred this action to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) for resolution of all non-dispositive matters, including discovery. [DE 16].

2

"construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" a party's claim or defense. *Hadfield*, 2016 WL 427924, at *3 (quoting *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Wellemeyer v. Trans Union, LLC*, No. 3:20-CV-814-DJH-LLK, 2022 U.S. Dist. LEXIS 92890, at *6 (W.D. Ky. May 23, 2022) (quoting *Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007)) ("[A] request for discovery should be considered to be seeking relevant information if there is any possibility that the information sought may be relevant to the claim or defense of any party in the action."). When parties cannot agree on what material is discoverable, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37. "The movant of a motion to compel bears the burden of demonstrating relevance, but it is a low bar, as relevance is 'construed broadly.'" *Blankenship v. Shelter Gen. Ins. Co.*, No. 3:19-CV-710-RGJ-LLK, 2021 WL 4352808, at *1 (W.D. Ky. Apr. 30, 2021) (quoting *Hadfield*, 2016 WL 427924, at *3).

A party may object to a magistrate judge's non-dispositive order within fourteen days. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's non-dispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party shows that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). Factual findings are reviewed under the clearly erroneous standard, while legal conclusions are reviewed under the contrary to law standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd per curiam*, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition) (internal quotation marks omitted). A legal conclusion is contrary to law if it contradicts or ignores

3

applicable precepts of law. *Id.* (citing *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983)).

## III.   DISCUSSION

In his order, the Magistrate Judge determined that the information from CGX is relevant to "to establishing the numerosity and commonality requirements of class certification and proportional to the needs of the case," rejecting Humana's argument that the producing the information was not proportional to the case. [DE 96 at 1018–19]. The Magistrate Judge reasoned that the burden of producing the documents is outweighed by the Plaintiff's need for the relevant information, especially given the burden appears to be the result of Humana's choice in how to store the information and given Humana has the resources to design a method to search a database that it created. [DE 96 at 1021–22]. The Magistrate Judge further reasoned that Plaintiff had good cause not to seek the information earlier in the case as it was not clear until after the third corporate representative was deposed that the information only existed in CGX. [DE 96 at 1023].

The Magistrate Judge ordered Humana to produce "all documents relating to 'invalid' and 'wrong number' entries following a keyword search of Defendant's internal CGX system" by October 15, 2024 (the order was entered October 9, 2024). [DE 96 at 1025]. Humana presents four objections to the Magistrate Judge's order: (1) it was error to even consider the motion to compel due to its timing, (2) the Magistrate Judge did not consider and weigh all elements of proportionality, (3) it was based on allegations of Plaintiff not supported by the record, and (4) it unreasonably extended discovery severely prejudicing Humana. [DE 98 at 1032–42].

   a. <u>Timing of Motion to Compel</u>

Humana argues that granting the motion to compel was contrary to law because it was "without any meet and confer and without a single discovery conference with the Court." [DE 98

at 1032]. Humana cites Fed. R. Civ. P. 37(a)(1)'s requirement that before filing a motion to compel, the movant has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," which is also required by this court's Local Rule 37. Humana states "[i]t is simply impossible for Plaintiff to take the position that he only became aware of the information in CGX after Humana's third corporate representative's deposition on August 28, 2024. . . while also stating he attempted to meet and confer as early as April 2024." [DE 90 at 1032]. But Plaintiff did not take the position that he first learned about the existence of the information in CGX after the corporate representative's deposition. Instead, Plaintiff explained that it was only during the most recent corporate representative's deposition, which was after the discovery deadline, that information in CGX was not also contained in the hCAT system, contrary to the testimony of Humana's first corporate representative, which indicated the information was in both systems. [DE 88 at 978]. Thus, the issue was not whether Plaintiff was aware that the information existed in CGX, there seems to be no dispute about that. Instead, the issue was that the Plaintiff only became aware that the information could only be garnered through CGX and not hCAT. The Magistrate Judge found the Plaintiff had good cause for not seeking the CGX discovery earlier in the process to avoid duplicating discovery given the belief the discovery could be obtained by less burdensome means. Moreover, correspondences in the record demonstrate Plaintiff attempted to confer about obtaining the information, under the believe it was in hCAT, and in resolving the topics of the corporate representative, which are interrelated. [DE 75 at 459-61].

In addition, Humana had been objecting to producing the CGX files since its first response to Plaintiff's discovery requests from 2022. Given the timing of when Plaintiff learned that the information was only in CGX, after the close of discovery, there likely was not time to reach an

5

agreement and given Humana's continuing objection, any additional meet and confer may have been futile. *Care Env't Corp. v. M2 Techs. Inc.*, No. CV-05-1600 (CPS), 2006 WL 1517742, at *3 (E.D.N.Y. May 30, 2006) ("Courts have excused a failure to meet and confer where: (1) under the circumstances, the parties do not have time to attempt to reach an agreement; or (2) an attempt to compromise would have been clearly futile."). The court agrees with the Magistrate Judge and overrules Humana's objection that it was error to consider the motion to compel.

    b. <u>Weighing the Elements of Proportionality</u>

Humana argues the Magistrate Judge failed to weigh and consider all the elements of proportionality under Fed. R. Civ. P. 26(b)(1) in determining whether production of the information from CGX is proportional to the needs to the case. [DE 97 at 1033]. The elements of proportionality are the "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Humana argues the Magistrate Judge failed to consider the amount in controversy and whether the burden outweighs the likely benefit. [DE 97 at 1033-34].

Human argues that under the TCPA, 47 U.S.C. 227(b)(3)(B), (c)(5)(B), damages are at most $1,500 per violation; thus, the amount in controversy does not justify the expense of producing the CGX documents. [DE 98 at 1034-35]. As an initial matter, Humana did not make this argument before the Magistrate Judge in response to Plaintiff's motion to compel and thus waived it. [DE 85, Humana Response to Motion to Compel], *Ward v. Cnty. of Wayne*, No. 21-CV-12742, 2024 WL 4148636, at *15 (E.D. Mich. Sept. 11, 2024) ("a party cannot raise arguments in its objections, which were not previously raised before the magistrate judge"); citing *Murr v. United States*, 200

F.3d 895, 902, n1 (6th Cir. 2000) and *Childress v. Michalke*, No. 10-CV-11008, 2014 WL 3819347, at *3 (E.D. Mich. Aug. 4, 2014) ("It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a district judge that was not fairly presented to the magistrate judge. The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate [judge], then another past the district court."). Even if the argument were not waived, the Court is not persuaded that the amount in controversy per violation does not justify the expense of production as this is a putative class action which necessarily seeks "small recoveries [that] do not provide the incentive for any individual to bring a solo action . . ." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) citing *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 344 (1997). Further, the Magistrate Judge cited all the factors of proportionality, including amount in controversy, and implicitly considered the amount in controversy in the analysis of proportionality, including whether the burden outweighs the benefit.

Humana also argues the Magistrate Judge failed to appreciate the burden of producing the CGX documents. [DE 98 at 1035]. But the Magistrate Judge found Humana "demonstrated that it would face an extensive burden in producing the CGX information," and understood how the process of that production would take place. [DE 96 at 1019]. The Magistrate Judge disagreed with Humana that the burden outweighed the likely benefit and undertook an appropriate analysis of proportionality. Moreover, Humana neither explained to the Magistrate Judge, nor does it do so here in its objection, how much time it would need to reasonably search and produce the information. This objection is overruled.

    c. <u>Support in the Record for Special Circumstance</u>

Humana objects to the Magistrate Judge's determination that special circumstances exist to warrant compelling discovery after the close of discovery. Again, Humana argues that Plaintiff should have sought a production of CGX earlier in the case after Humana objected to producing it in response to written discovery and that Humana told Plaintiff the information was only stored in CGX. Humana identified in January 2023 that information was stored in CGX in response to discovery and objected to producing it as overly burdensome and not proportional to the needs to the case. Specifically, the discovery request and answer were as follows:

> **INTERROGATORY NO. 5:**
> Identify all calls that were designated as wrong number, wrong person, bad number or similar designation, all wrong number or wrong person codes, and any information that would identify people that received wrong number calls as determined by any method that Humana uses for designating such calls, in the four years prior to the filing of the Complaint to the present.
>
> **ANSWER: Humana objects to this Interrogatory as overbroad, vague, unduly burdensome, and not narrowly tailored to lead to the discovery of admissible evidence. Humana further objects to the Interrogatory because it is not proportional to the needs of the case or relevant to any claim or defense asserted by either party in this litigation. Specifically, the request for "wrong number, wrong person, bad number or similar designation, all wrong number or wrong person codes" are not defined and does not sufficiently identify the information sought by the Interrogatory. Further, the Interrogatory contains multiple subparts that can be "answered fully and completely" individually and independently of each other.** *See Phx. Process Equip. Co. v. Capital Equip. & Trading Corp.*, **No. 3:16CV-00024-RGJ-RSE, 2019 U.S. Dist. LEXIS 44390, at \*5 (W.D. Ky. Mar. 18, 2019) (applying the "related question approach combined with pragmatic considerations" in determining whether particular interrogatories contained subparts). As such, Humana reserves the right to object to future Interrogatories based on numerosity.**
>
> **Humana objects to the Interrogatory to the extent it seeks personal identifying information of individuals not parties to this matter, which is highly sensitive and confidential information of individuals who have not and cannot give consent to the disclosure of their personal information.** *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C.*, **No. 4:14-CV-11521, 2015 U.S. Dist. LEXIS 87661, at \*14 (E.D. Mich. July 7, 2015) (declining to compel production of personal identifying information of non-customers medical information where potential harm to non-parties outweighed the benefit of disclosure). To the extent providing such information would be a violation of Humana's obligations under 45 CFR § 164.512, Humana objects**

> **to production without a qualified protective order or other order of the Court. Further, Humana objects to the extent this request is not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1) as it would require a review of every single phone call made by Humana.** *Id.* **(holding the burden of reviewing and redacting the non-party files was not proportional to the needs of the case)**
>
> **Further, and without waiving the foregoing objections, Humana tracks invalid numbers through manually editing member profiles in their member database through Clinical Guidance Exchange notes ("CGX"), however, this data is maintained in individual member files and is not available in a searchable form other than reviewing each and every member file for an invalid designation in the member profile CGX notes. Accordingly, Humana does not have a feasible method of gathering the information in a manner that would be proportional to the needs of the case. Moreover, Humana contend Plaintiff was contacted related to a specific outreach campaign, namely the Special Needs Plan, for which the assumed Humana member was enrolled. Thus, calls from Humana concerning other campaigns or programs and the way those campaigns or programs track invalid numbers is irrelevant for purposes of this action, and would not be representative of the purported class Plaintiff seeks to represent. Finally, even if Humana could identify every "wrong number, wrong person, bad number, or similar designation calls" placed by Humana, the information would have little, if any, probative value to any issue being litigated in this case, as any such calls would be the result of a litany of separate and individualized issues.**

[DE 85-1 at 676-78]. The parties dispute whether Humana first corporate representative testified in a way to lead Plaintiff to reasonably believe the information from CGX was also in hCAT. Humana cites an exchange from the deposition where the corporate representative corrected her answer that a number would be "deselect[ed] in hCAT . . . [s]o that's done in hCAT? . . . I misspoke. It is done in CGX." [DE 97 at 1038]. But several questions later in the deposition, Plaintiff asked the witness "[a]nd so the number . . . the data about disposed the number, the invalid number exists in the CGX system?," and the witness answered "Correct," then when next asked "[d]oes it exist anywhere else?" the witness answered "I believe . . . that information is bidirectional in the sense that is update our – our hCAT IT partners and then they have code written for that phone number not be outreached is the way that I understand that." [DE 75-1 at 449-50].

9

Plaintiff then asked, "So if I understood what you said, the designation of invalid would first go up in CGX, would then be transmitted to the hCAT system which would then be transmitted to the files in the dialer," to which the witness responded "[t]hat is correct." [*Id*. at 449-50]. The court has reviewed this testimony and disagrees with Humana's characterization of the first corporate representative's testimony and that it did not lead Plaintiff to believe the information from CGX, which Humana objected to producing, could be garnered from hCAT. The court reviewed the other testimony cited as well and will not detail all of those instances but disagrees with Humana's arguments that those depositions were mischaracterized. The Magistrate Judge did not err in finding special circumstances existed to allow the discovery after the deadline. This objection is overruled.

    d. <u>Prejudice to Humana</u>

Finally, Humana objects that the order unreasonably extends discovery to severely prejudice Humana because it was given five days to produce the information. Humana argues the Magistrate Judge did not consider the prejudice to Humana and Fed. R. Civ. P. 16(b)(4)'s "good cause" factors for reopening discovery: (1) when the moving party learned of the issue, (2) how the discovery would affect the ruling, (3) the length of the discovery period, (4) whether the moving part was dilatory, and (5) whether the adverse party was responsive to prior discovery requests. [DE 97 at 1041]. However, the Magistrate Judge's order expressly or implicitly addressed all these factors, including the prejudice to Humana. Tellingly, Human objects to the timeframe ordered to produce the information but provides no alternative timeframe for the Court to consider. Humana also argues the order will force Humana to produce documents that are irrelevant, but Humana does not explain how the CGX production is irrelevant other than making the bare bones objection. This objection is overruled.

In sum, the Court finds that the Magistrate Judge's decision to grant the motion to compel discovery of CGX was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court finds no basis under its "limited standard of review," *Massey*, 7 F.3d at 509, to disturb any of the Magistrate Judge's legal conclusions as "contrary to law" or factual conclusions as "clearly erroneous." *Gandee*, 785 F. Supp. at 686. Nonetheless, out of an abundance of caution, the court will give Humana ten days to produce the information as set forth below.

## IV. CONCLUSION

For the reasons explained, and the Court being otherwise sufficient advised, Defendant's objection [DE 97] to the Magistrate Judge's order [DE 96] is **OVERRULED.** Defendant shall comply with the order [DE 96] as it related to production of CGX on or before **Friday, November 1, 2024**. Plaintiff's motion for reconsideration of the stay [DE 105] is **DENIED** as moot.

cc: counsel of record