IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID ELLIOT,

    Plaintiff,

v.

HUMANA INC.,

    Defendant.

Case No. 3:22-CV-329-RGJ

**HUMANA'S MOTION TO SANCTION PLAINTIFF AND COUNSEL
FOR VIOLATING THE MEDIATION PRIVILEGE**

**HEARING REQUESTED PER L.R. 7.1(f)**

I.     **INTRODUCTION**

Plaintiff and his counsel intentionally broke the mediation privilege. They publicly disclosed confidential mediation communications, including specifically identifying the amount of a settlement offer Humana made during the settlement conference, when they filed their class-certification reply brief and supporting declarations. ECF Nos. 159, 159-8, 159-9. This violated Local Rule 16.2(b) and Judge Lindsay's express written and oral orders. ECF No. 102 at 4. And they did so in a particularly egregious way, because their disclosures were gratuitous and entirely unnecessary to rebut anything Humana argued. Not that this would matter, given the absolute nature of the Local Rules' protections and Judge Lindsay's instruction (to Plaintiff and his counsel) about that just before mediation began.

This willful misconduct undermines the trust necessary to conduct confidential mediations. It also places Humana at an unfair litigation disadvantage. That's because, unlike the irrelevant privileged information Plaintiff revealed, Humana refrained from disclosing highly relevant protected information from the mediation that would definitively establish Plaintiff's and his counsel's inadequacy under Rule 23. Plaintiff cannot have it both ways, breaking the privilege when it benefits him and wielding it as a shield to hide yet more inadequacy issues.

Even without prejudice, courts routinely sanction disclosures like these to protect the integrity of the mediation process. In fact, courts frequently *dismiss claims entirely* for less serious breaches. Nevertheless, Humana does not seek dismissal as a sanction here (though it could). Instead, Humana moves the Court to: (a) hold a hearing on Plaintiff's and his counsel's sanctionable misconduct; (b) find Plaintiff and his counsel in contempt of Judge Lindsay's order; (c) grant Humana the expenses it incurred in connection with this motion and the mediation; (d) consider Plaintiff's and his counsel's intentional breaches as strong additional evidence of their

1

inadequacy; (e) seal or otherwise remove from the public record Plaintiff's and his counsel's disclosures; and (f) grant Humana leave to disclose, under seal, information revealed at mediation that further establishes Plaintiff's and his counsel's inadequacy. Nothing less would compensate Humana for the unfair prejudice these disclosures caused, restore respect for the Court's rules, deter future disclosures, and safeguard the confidentiality of mediations.

## II.     BACKGROUND

Humana offered to settle Plaintiff's claims twice before his April 2024 deposition: in August 2022 and April 2023. Plaintiff testified that he did not learn of these offers until Humana's counsel raised them in his deposition. *See* ECF No. 113-3, Elliot Dep. 117:16-118:23. Months later, Judge Lindsay ordered a November 2024 settlement conference. ECF No. 102. That order explicitly instructed:

> Offers, demands, and communications between the parties and/or the Magistrate Judge during the settlement conference are confidential. **They shall not be referenced in any court filing** and shall not be disclosed to any person who is neither a participant in the settlement conference, a party to the lawsuit, nor a member of a party's legal team.

*Id.* at 4 (emphasis added). On November 7, 2024, the parties participated in the judicially ordered settlement conference and Judge Lindsay mediated. ECF No. 116. Before mediation began, Judge Lindsay conducted a joint session where he explained the mediation process and reiterated his confidentiality instructions to both counsel and the parties.

In Humana's opposition to class certification, Humana argued that Plaintiff's counsel's failure to communicate the pre-deposition settlement offers rendered them inadequate to represent the class. *See* ECF No. 147 at 35-36 ("Plaintiff's counsel . . . [f]ail[ed] to communicate settlement offers. Plaintiff testified that he didn't learn of Humana's offer to settle his claims (for substantially more than they were worth) until Humana's counsel brought it up in his deposition.") (emphasis removed) (citing Elliot Dep. 117:16-118:23); *id.* at 13-14 ("But Plaintiff's counsel never conveyed

2

that offer to him") (emphasis removed) (citing Elliot Dep. 117:16-118:23); *see also id.* at 7 (Noting in the introduction that counsel "failed to communicate individual settlement offers to their client" without specifying which offers). These offers—and Plaintiff's deposition—occurred many months before the mediation with Judge Lindsay. In other words, Humana did not use what happened at mediation as a basis to attack Plaintiff's adequacy. Out of respect for this Court's orders, it steered entirely clear of this subject.

Plaintiff and his counsel then did the opposite. They filed declarations with Plaintiff's reply in support of class certification that disclosed Humana's settlement offer and Plaintiff's response made *during mediation*, which of course Humana doesn't dispute and never raised as a basis for its adequacy arguments.[1] In direct violation of Judge Lindsay's order and instructions, Plaintiff specifically states as follows in his declaration:

> I also attended mediation in this case with my counsel before the Honorable Colin H. Lindsay in November 2024. During that mediation, I rejected another offer made by Humana for all 22 calls it made to me. That offer was for around $[amount],[2] and I rejected it in front of the Judge.

ECF No. 159-8 ¶ 7. Plaintiff's counsel then violated Judge Lindsay's order, too, stating in his own declaration: "At the November 2024 mediation, Humana also offered to settle for all 22 calls made to Elliot for even more money than before. Elliot also rejected that offer." ECF No. 159-9 ¶ 10.

Plaintiff and his counsel didn't just disclose this information in their declarations. Plaintiff also relied on these privilege-breaking disclosures in his reply brief, asserting that "Elliot later

---

[1] These declarations are also shams that, Plaintiff admits, directly contradict his deposition testimony. *See* Humana's concurrently filed Motion to Strike Declarations of David Elliot and James S. Wertheim.

[2] This refers to the settlement amount Humana offered during the mediation that Plaintiff and his counsel improperly disclosed. Because Humana is seeking to have that improper disclosure removed from the public record, it does not repeat it here.

3

rejected an even larger settlement offer **while in mediation** before the Honorable Collin [sic] Lindsay." *Id.* (emphasis added) (citing Elliot Dec.).

Humana now moves for a hearing on this motion and an order finding Plaintiff and his counsel in contempt, sanctioning them for these egregious (and gratuitous) violations of the mediation privilege, sealing their disclosures, and granting Humana leave to disclose, under seal, information bearing directly on Plaintiff and his counsel's adequacy, an element of their burden under Rule 23.

### III.  <u>LEGAL STANDARD</u>

"'A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly violated a definite and specific order of the court.'" *NLRB v. Bannum, Inc.*, 93 F.4th 973, 979 (6th Cir. 2024) (quoting *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017)). "This requires clear and convincing evidence that (1) there is 'a definite and specific order of the court requiring [the alleged contemnor] to perform or refrain from performing a particular act or acts,' (2) the [alleged contemnor] had 'knowledge of the court's order,' and (3) the [alleged contemnor] violated that order." *Id.* (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). "If the moving party in a civil contempt action demonstrates that the opposing party knowingly violated a definite and specific order of the court, 'the burden shifts to the contemnor,'" who "'must show categorically and in detail why he or she [was] unable to comply with the court's order.'" *Id.* at 980 (quoting *Elec. Workers Pension Tr. Fund of Loc. Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003)). "The burden of proving impossibility of complying with an order 'is difficult to meet.'" *Id.* (quoting *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991)).

4

The Court has statutory authority to impose fines for contempt, 18 U.S.C. § 401, and inherent authority to award monetary and non-monetary sanctions for bad-faith conduct, as well as conduct that is tantamount to bad faith. *See Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511-12 (6th Cir. 2002). "Bad faith is associated with conduct that is intentional or reckless." *Doe MC-1 v. Univ. of Mich.*, 2021 WL 2662235, at *2 (E.D. Mich. June 29, 2021) (citing *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)); *accord Plastech Holding Corp. v. WM Greentech Auto. Corp.*, 257 F. Supp. 3d 867, 877 (E.D. Mich. 2017) (sanctioning misconduct that was "intentional, or, at the very least, unquestionably reckless" and thus "tantamount to bad faith").

"Civil contempt sanctions may 'be employed . . . to compensate the complainant for losses sustained.'" *Bannum*, 93 F.4th at 982 (imposing compensatory monetary sanctions) (quoting *Gary's Elec. Serv.*, 340 F.3d at 379). "It is well settled that costs may be awarded as a . . . part of the remedy to which the complainant is entitled in successfully prosecuting a civil contempt proceeding." *Id.* (quotation omitted). "An award of attorney fees, moreover, 'is appropriate for civil contempt in situations where court orders have been violated.'" *Id.* (quoting *Spurr v. Pope*, 936 F.3d 478, 487-88 (6th Cir. 2019)).

"'[C]ourts routinely impose sanctions on attorneys who disclose confidential mediation communications.'" *Doe MC-1*, 2021 WL 2662235, at *1-3 (*sua sponte* warning parties after mediation-privileged information appeared in newspapers); *Mocombe v. Russell Life Skills*, 2014 WL 11531569, at *15 (S.D. Fla. Oct. 7, 2014) ("Courts have imposed various sanctions for a litigant's violation of mediation confidentiality rules."), *R&R adopted*, 2014 WL 11531914, at *2 (S.D. Fla. Oct. 31, 2014) (dismissing case with prejudice after plaintiff publicly disclosed settlement amount offered during mediation on the internet); *Reed v. Bennett*, 312 F.3d 1190, 1195

5

(10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to . . . comply with local or federal procedural rules" and "[s]uch sanctions may include dismissing the party's case with prejudice or entering judgment against the party."")); *Adkisson v. Jacobs Eng'g Grp., Inc.*, 2020 WL 3791973, at *4 (E.D. Tenn. July 7, 2020). When deciding what sanctions to impose, courts consider "the degree of actual prejudice," "the amount of interference with the judicial process," and "the culpability of the litigant." *Doe MC-1*, 2021 WL 2662235, at *3 (quotation omitted).

## IV. ARGUMENT

### A. Plaintiff's and His Counsel's Violation of This Court's Order Should Be Sanctioned

Plaintiff and his counsel violated this Court's clear rules and express order to keep settlement conference communications confidential. Their plain violation of the Court's order is significantly more egregious than in the many other cases in which courts have imposed severe sanctions, confirming that the Court should impose sanctions here.

Congress enacted the Alternative Dispute Resolution Act ("ADR Act"), which mandates that "'each district court [ ] by local rules . . . provide for the confidentiality of the alternative dispute resolution processes and [ ] prohibit disclosure of confidential dispute resolution communications.'" *Adkisson*, 2020 WL 3791973, at *4 (quoting 28 U.S.C. § 652(d)). The Western District of Kentucky's Local Rule 16.2(b) therefore provides: "All communications in ADR proceedings are confidential . . . and . . . may not be disclosed to anyone other than the parties and ADR participants."[3] Judge Lindsay's Settlement Conference Order reiterates this, stating: "Offers,

---

[3] "[ADR] . . . includ[es] . . . mediation." W.D. Ky. L.R. 16.2. "[L]ocal rules carry 'the force of law.'" *Miller v. William Beaumont Hosp.*, 121 F.4th 556, 558 (6th Cir. 2024). "All attorneys practicing in federal court have 'a clear obligation to familiarize [themselves] with a district court's

6

demands, and communications between the parties and/or the Magistrate Judge during the settlement conference are confidential. They shall not be referenced in any court filing and shall not be disclosed to any person who is neither a participant in the settlement conference, a party to the lawsuit, nor a member of a party's legal team." ECF No. 102 at 4.

"'It is mandatory to the mediation process that all matters discussed at these conferences remain confidential. The confidentiality rule assures participants that whatever they disclose during these proceedings will not be used against them. If counsel cannot rely on this confidentiality then the settlement process would prove fruitless.'" *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 677-78 (6th Cir. 2013) (striking reply brief that disclosures were offered to support as a sanction) (quoting *Tinker v. Sears, Roebuck & Co.*, 1998 WL 117982, at *1 (6th Cir. Jan. 21, 1998); *accord Doe MC-1*, 2021 WL 2662235, at *2 (quoting *Hand v. Walnut Valley Sailing Club*, 2011 WL 3102491, at *4-5 (D. Kan. Jul. 20, 2011), *aff'd*, 475 F. App'x 277 (10th Cir. 2012)); *Adkisson*, 2020 WL 3791973, at *4.

"[T]he intentional disclosure of mediation details, including the amount of a settlement offer, would encompass 'the very heart of the mediation proceeding' and hinder the overall effectiveness of the mediation process." *Adkisson*, 2020 WL 3791973, at *6 (quoting *Zuver*, 2018 WL 3617308, at *11). "For example, in *Zuver v. Sprigg*, plaintiff's 'counsel breached the confidentiality provision of the parties' mediation agreement by disclosing to the Court that Sprigg had rejected a proposal from the mediator at the end of mediation,' and the Court imposed sanctions against Plaintiff's counsel for 'those costs that are directly attributable to Zuver's counsel's intentional disclosure.'" *Adkisson*, 2020 WL 3791973, at *6 (quoting *Zuver*,

---

rules and to follow them.'" *Doe MC-1*, 2021 WL 2662235, at *1 (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 710 (6th Cir. 2013)).

7

2018 WL 3617308 at *1, 12); *see also, e.g.*, *Davis v. Kansas City Fire & Marine Ins. Co.*, 195 F.R.D. 33, 38 (N.D. Okla. 2000) (imposing monetary and non-monetary sanctions for filing a protected document from court-sponsored mediation).

In another case, the Tenth Circuit affirmed dismissal of an entire case with prejudice as a sanction because the plaintiff disclosed mediation communications, including a settlement offer amount. *Hand*, 475 F. App'x 277, 278; *see also Doe MC-1*, 2021 WL 2662235, at *3 (citing *Hand*, 2011 WL 3102491). There, the plaintiff deliberately emailed more than 40 people, including likely witnesses, with this information despite "a written district court rule [that] expressly required anyone involved in court-ordered mediation to keep all such information confidential." 475 F. App'x at 278. Similarly, the Southern District of Florida in *Mocombe* dismissed a plaintiff's case with prejudice when he posted a settlement amount offered during mediation on Facebook for his more-than-5,000 friends and the public at large to see, despite the mediator's pre-mediation warning to keep matters discussed therein confidential. 2014 WL 11531914, at *1; *see also Paranzino v. Barnett Bank of S. Fla., N.A.*, 690 So. 2d 725, 729 (Fla. Dist. Ct. App. 1997) (affirming dismissal with prejudice after plaintiff disclosed the amount of a settlement offer made during mediation to a newspaper).

Plaintiff and his counsel have done much more here. They deliberately disclosed mediation communications, including a settlement offer amount and Plaintiff's response, **to the whole world** by filing it on a public docket. And they did so in violation not only of the Court's Local Rules, but also Judge Lindsay's express written order *and* his instructions just before mediation. Their own declarations are thus "clear and convincing" proof that they "knowingly violated" Judge Lindsay's "definite and specific order." *Bannum*, 93 F.4th at 979 (quotation omitted). This alone is conclusive evidence of bad faith. *See Adkisson*, 2020 WL 3791973, *7 (quoting *Josephs*

8

*v. Gallatin Cty.*, 2008 WL 11348227, at *2-3 (D. Mont. Nov. 3, 2008) (Plaintiff's counsel "acted in bad faith when he . . . disclosed and commented upon a dollar figure offered during confidential settlement negotiations" to a reporter for dissemination "in print and on the internet" even though "[counsel] was aware of the Local Rule requiring confidentiality of ADR proceedings" and "was reminded at the beginning of the settlement conference."), *aff'd*, 2009 WL 10677724 (D. Mont. Jan. 5, 2009)).[4]

But that's not all. Plaintiff and his counsel broke the privilege for a bad-faith purpose: to distract the Court from earlier ethical violations. Specifically, they cite the one time Plaintiff actually received one of Humana's offers (from Judge Lindsay) **to distract the Court from the two times he didn't** (because his counsel never conveyed the pre-mediation offers). Plaintiff and his counsel thus violated the Court's order to make an irrelevant argument about mediation offers that has nothing to do with Humana's point that Plaintiff's counsel is inadequate for failing to convey **pre-mediation** offers. And of course that's right: How could Humana argue that Plaintiff's counsel didn't disclose settlement offers made *during* a mediation that Plaintiff personally attended?[5] Such offers are made to the mediator, who then conveys them to the opposing party. That's the entire point of mediation. Plaintiff's attempt to distract from his counsel's earlier failings by committing another violation to mislead the Court with a red herring only further confirms that Plaintiff and his counsel cannot establish they are adequate to represent the putative class under Rule 23.

---

[4] This is not a case in which a plaintiff inadvertently shared confidential information with a small group of people, or in which the identity of the disclosing party can't be proved. *See, e.g.*, *Adkisson*, 2020 WL 3791973, at *5 (defendant couldn't prove the plaintiff or his counsel were the ones who leaked mediation communications to the press).

[5] Plaintiff attended and participated in the settlement conference virtually through a Zoom platform after the Court granted him leave to attend the proceedings in that manner. ECF No. 110. All of the other participants attended the settlement conference in person.

9

As further evidence of bad faith, they broke the privilege only at the end of certification briefing. That meant Humana could not respond without seeking leave to file a sur-reply or filing a separate motion, both of which require incurring even more expense. Plaintiff's breach of the mediation privilege was in bad faith, several times over, and requires sanctions.

### B. This Misconduct Merits at Least the Relief Humana Seeks

As then-Judge Gorsuch recently explained, sanctions for disclosures of mediation communications range up to dismissal of the entire case with prejudice. *Hand*, 475 F. App'x at 278; *accord Doe MC-1*, 2021 WL 2662235, at *3 (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (collecting cases) and citing *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787 (7th Cir. 2009) (affirming dismissal with prejudice as a sanction for unauthorized disclosure) and *Assassination Archives & Research Ctr. v. CIA*, 48 F. Supp. 2d 1 (D.D.C. 1999) (dismissing action due to disclosure of records attorney learned of during settlement negotiations in violation of confidentiality agreement)). "Lesser sanctions . . . include—without limitation—fines, payment of opposing party's attorney fees, the filing of a grievance, revocation of *pro hac vice* status, and exclusion of claims or defenses." *Id.*; *see, e.g.*, *In re City of Detroit*, 654 B.R. 266, 279 (Bankr. E.D. Mich. 2023) (imposing sanctions and awarding monetary relief for party's disclosure of confidential mediation-related information). The Sixth Circuit has also found that striking the reply that mediation disclosures are offered to support is "an appropriate remedy." *Byrne*, 541 F. App'x at 678 (Disclosure was "exactly what [the analogous appellate rule] seeks to prevent: use[] [of the opposing party's] communications as a sword against them.").

As noted above, when deciding what sanctions to impose for such disclosures, courts consider "the degree of actual prejudice," "the amount of interference with the judicial process,"

10

and "the culpability of the litigant." *Doe MC-1*, 2021 WL 2662235, at *3 (quotation omitted).[6] Each of these factors militates strongly for the relief Humana seeks, if not more.

**Degree of actual prejudice.** The disclosures severely prejudiced Humana. To start, "there is no way of knowing how many individuals" have seen Plaintiff's and his counsel's public, online disclosures. *Mocombe*, 2014 WL 11531914, at *2 (finding prejudice for this reason). Plaintiff's disclosure of the proposed settlement amount—for far more than his claim is worth—risks encouraging other plaintiffs to bring baseless claims against Humana in pursuit of above-value settlement offers. That could lead to significant litigation expenses for Humana.[7] In addition, the mediation record contains information that, unlike that disclosed by Plaintiff, bears directly on Plaintiff's and his counsel's adequacy to represent the class. Because Humana obeyed the Local Rules and Judge Lindsay's order, it did not use that information to support its class certification arguments, cannot do so without further breaking the mediation privilege, and will not do so without the Court's permission. Humana thus presently suffers a significant and unjust litigation disadvantage. This breach of trust also significantly undermines Humana's ability to negotiate with Plaintiff or his counsel to resolve this matter, to say the least, as well as other current or potential cases filed against Humana. This factor therefore weighs heavily in favor of sanctions.

**Interference with the judicial process.** Plaintiff's public disclosures also interfered with the judicial process and undermined the effectiveness of court-ordered mediation. Left unsanctioned, they would illustrate to other litigants that this District's express written orders are

---

[6] Courts consider additional factors when weighing whether to dismiss with prejudice as a sanction, such as whether the court warned that dismissal could be imposed and the efficacy of lesser sanctions. *See id.* Humana does not seek dismissal—although dismissal is likely warranted given Plaintiff's and his counsel's egregious actions—so those factors don't apply.

[7] Indeed, a plaintiff in another case against Humana requested all documents produced in this case within days of Plaintiff's disclosures.

11

unenforceable. Parties will not feel free to engage in mediation if they fear that their positions can be later disclosed at will, as Congress recognized in the ADR Act. *See Byrne*, 541 F. App'x at 678; *Hand*, 2011 WL 3102491, at *5; *Hand*, 475 F. App'x at 279. Moreover, Judge Lindsay screened himself from merits decisions after the settlement conference precisely to avoid even the appearance that knowledge of the mediation might influence the Court's consideration of the merits. By violating this Court's orders, Plaintiff has irreversibly tainted these proceedings. This factor militates strongly in favor of sanctions.

**Litigant's culpability.** There is no question that Plaintiff and his counsel are culpable: They broke the privilege in their own publicly filed declarations directed to the presiding judge. And they did so in a gratuitous way, to misleadingly attack a strawman point that Humana didn't make, as explained above. In those same papers, they also submitted sham declarations, as explained in Humana's concurrently filed Motion to Strike. This factor thus weighs decisively in favor of sanctions.

## V. CONCLUSION

Plaintiff and his counsel broke the mediation privilege willfully and in bad faith. Their violations make a mockery of the Local Rules and Judge Lindsay's express orders and Humana's good-faith participation in the mediation. They also prejudice Humana, who followed the rules. Based on the authority above, Humana could ask for outright dismissal as a sanction. Humana instead respectfully moves the Court to: (a) hold a hearing on Plaintiff's and his counsel's sanctionable misconduct; (b) find Plaintiff and his counsel in contempt of Judge Lindsay's order; (c) grant Humana the expenses it incurred in connection with this motion, the motion to strike, the motion to file a sur-reply, and the mediation; (d) consider Plaintiff's and his counsel's intentional breaches as strong additional evidence of their inadequacy; (e) seal Plaintiff's and his counsel's

disclosures or otherwise remove them from the public record; and (f) grant Humana leave to disclose, under seal, information revealed at mediation that further establishes Plaintiff's and his counsel's inadequacy.

DATED:  January 23, 2025

/s/ Alexander D. Terepka
Ryan D. Watstein (*pro hac vice*)
Alexander D. Terepka (*pro hac vice*)
Logan R. Leonard (*pro hac vice*)
**WATSTEIN TEREPKA, LLP**
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel. (404) 400-3382
Email: alex@wtlaw.com
Email: ryan@wtlaw.com
Email: lleonard@wtlaw.com

/s/ H. Toby Schisler
H. Toby Schisler (*pro hac vice*)
K. Cassandra Carter, Esq. (KBA #98018)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8152
Fax: (513) 977-8141
Email: toby.schisler@dinsmore.com
Email: cassandra.carter@dinsmore.com

*Counsel for Humana Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served upon all counsel of record through the Court's ECF/PACER e-filing system on this 23rd day of January 2025.

/s/ *Alexander D. Terepka*
Alexander D. Terepka