UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID ELLIOT,

    *Plaintiff*,

v.                                                  C/A No.: 3:22-CV-329-RGJ-CHL

HUMANA INC.,

    *Defendant*.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SANCTIONS AND MOTION TO STRIKE
WERTHEIM AND ELLIOT DECLARATIONS**

**INTRODUCTION**

More than three weeks after the close of briefing on Plaintiff's motion for class certification, Humana in desperation and with complete disregard for this Court and its schedule—filed two motions transparently aimed at distracting this Court from class certification and Humana's liability for rampant violations of the Telephone Consumer Protection Act. The first is a motion for sanctions (ECF No. 161) and the second is a motion to strike the declarations of Elliot and his counsel (ECF No. 162). In these groundless submissions, Humana and its counsel (again) reveal that they will stoop to the lowest levels in seeking to elude accountability for Humana's actions: accusing Plaintiff of being a serial liar and criminal perjurer; accusing counsel of suborning perjury and violating a slew of ethical rules; and flooding this Court with hyperbolic and already-disproven conspiracy theories. Humana concludes its self-created melodrama by implying that this Court jeopardizes the very integrity of the adversarial system if it does not impose swift, draconian sanctions on a man who was victimized by Humana's robocalls.

By way of background, in opposing class certification, Humana claimed Plaintiff had committed a felony, perjury, by lying under oath about the number of illegal calls he received from Humana. Humana made this allegation in public court filings even though it knew good and well that the number of calls received and alleged by Elliot matched exactly the number of calls noted in Humana's own records that were produced in discovery. Humana also asserted that Elliot's counsel committed ethical violations throughout this litigation by failing to timely convey settlement offers to Elliot, that counsel lied about conveying settlement offers in court filings and was even guilty of felonious conduct like suborning perjury. Not surprisingly, in the face of these false allegations (couched as challenges to Plaintiff and Plaintiff's counsel's adequacy in connection with class certification), Plaintiff flatly contradicted Humana's fabrications. The facts disproving Humana's misrepresentations were set forth in declarations sworn by Elliot and his counsel and submitted in Elliot's reply in support of class certification, filed on December 31, 2024. Tellingly, Humana then took three weeks to conjure up its bases for doubling down on its efforts to smear Plaintiff and his counsel.

To wit, 23 and 24 days after Elliot's motion for class certification was ripe for review, (ECF No. 114), Humana filed two untimely, so-called "emergency" motions full of additional false, unsupported personal attacks and hyperbolic mudslinging. But, sifting through Humana's histrionic rhetoric and exaggerated tone, Humana's motions contain statements of fact showing that Humana's original accusations were baseless—and that Humana knew it.

Humana's repeated inflammatory fictitious attacks on both Plaintiff and his counsel should not be condoned, and Humana's meritless motions for sanctions and to strike should be denied. To

curb further abusive and dilatory motion practice, Plaintiff requests additional relief detailed below.[1]

## ARGUMENT

### A. Humana Attacked Plaintiff and Plaintiff's Counsel and Opened the Door to Plaintiff Rebutting Those False Attacks.

Humana's motions continue a long—and ever-growing—litany of filed and/or threatened unnecessary, irrelevant filings, full of unsupported personal attacks. The motions for sanctions and to strike, both based on the unsupported false allegations of bad behavior by Elliot and his counsel, ignore a fundamental truth: Humana itself raised the issue of settlement in its opposition to class certification, and thus created the need for the declarations about which it now complains.

In other words, the sole reason the issue of settlement came up at all in Elliot's declarations in support of his reply is because Humana put the issue front and center in its response opposing class certification. Plaintiff's response and mention of the offers of settlement was necessitated by Humana itself—including the *ad hominem* and false allegations lodged by Humana and its counsel in response to Plaintiff's motion for class certification. *See, e.g.*, ECF No. 147 at 4-5.

In its motions, Humana offers zero actual evidence that contradicts Plaintiff or his counsel's sworn declarations. As set forth by James Wertheim and Plaintiff David Elliot in their respective Declarations, every settlement offer from Humana was timely conveyed by counsel to Elliot and rejected by Elliot.[2] *See* ECF No. 114 (Class Certification Motion); 159-8 & -9 (Reply in Support

---

[1] While preparing this response, Humana filed two more frivolous motions: one for leave to file a surreply in connection with Elliot's motion for class certification, over five weeks after Elliot's reply was filed and briefing was closed; and another late filing seeking to strike a declaration that was filed by Elliot in support of class certification on November 5, 2024, over 12 weeks ago. Humana thus manifestly intends to inundate this Court with untimely, meritless motions.

[2] The Wertheim and Elliot declarations are not "sham declarations." The declarations were submitted in support of Elliot's motion for class certification in direct response to Humana's

3

& Declarations). And Humana cannot now claim to rely on a "privilege" or allegations of "contempt" when it first put the issues of settlement offers and counsel's ethics and integrity front and center before this Court. *See, e.g.*, *Clayton v. Tri City Acceptance, Inc.*, No. 318CV00308DJHLLK, 2019 WL 5839406, at *5 (W.D. Ky. Nov. 7, 2019) ("Clayton has placed the contents of his settlement agreement and mediation into issue, necessitating further examination of the topic"). Courts in this Circuit have recognized that like other qualified privileges, the settlement privilege may be waived. *See Schnatter v. 247 Grp., LLC*, No. 320CV00003BJBCHL, 2021 WL 5346516, at *7 (W.D. Ky. Nov. 16, 2021) (citing *United States v. Nobles*, 422 U.S. 225, 239 (1975)). In that case, the court urged "the parties to consider the extent to which they may have relinquished their expectation of privacy in settlement communications"— and the same is true here. Humana's attacks and false accusations that Plaintiff's counsel did not

---

allegations of inadequacy of Plaintiff and counsel, not to create a sham factual issue on summary judgment. *See Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986) ("A court may ignore a declaration if it conflicts with a witness's earlier sworn statements and would create a sham factual issue."). Counsel was also never deposed, so it is impossible that the Wertheim declaration is a sham declaration; it cannot contradict nonexistent deposition testimony. Additionally, the declarations are wholly unrelated to summary judgment, and Humana knows that: the issues Humana complains of in its motions for sanctions and to strike were not raised by Humana in connection with its baseless motion for summary judgment. *See, e.g.*, *Holly v. Charter Comm's, LLC*, 4:23-cv-00020-RGJ-HBB, ECF No. 50 at 3-10 (W.D. Ky. Oct. 3, 2024) (denying motion to strike a declaration and noting that a sham declaration involves creating a "factual dispute by filing an affidavit, *after a motion for summary judgment has been made*, which contradicts earlier testimony") (emphasis added) (citing *Dotson v. U.S. Postal Serv.*, 977 F.2d 976, 978 (6th Cir. 1992) (per curiam)).

Humana acknowledges class certification should be decided before summary judgment, (ECF No. 162 at 3 n.1), but even on summary judgment, a court should not disregard or strike a declaration if it clarifies deposition testimony, like Elliot's does here. *Id.*; *see also Wasatch Transportation, Inc. v. Forest River, Inc.*, 53 F.4th 577, 582 (10th Cir. 2022); *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1258 (10th Cir. 2001). Additionally, motions to strike are generally disfavored and "[a]ny doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." *Jewell v. Shelby Cnty. Gov't*, No. 13-2048-STA-DKV, 2013 WL 5306102, at *4 (W.D. Tenn. Sept. 20, 2013).

communicate settlement offers to Plaintiff required a response sufficient to demonstrate that the offers were timely conveyed. Plaintiff's declaration indicating the amount of the offer shows that he was made aware of all offers in this case and soundly rejected them.[3]

Humana's unfounded false claims were rightly refuted by Elliot and his counsel in their tempered declarations filed in connection with the reply in support of class certification. Both Plaintiff and his counsel were entitled to rebut Humana's false and libelous accusations because Humana opened that door. The outrageous personal accusations made by Humana against Plaintiff and his counsel in its response opposing class certification remain false and unsupported. The only facts of record on this point in this case are the uncontradicted declarations of Elliot and his counsel. In fact, Humana admits in the motion to strike that it had records in its possession before it filed its motion that demonstrate counsel made calls to Elliot on the date asserted by counsel in his declaration. *See* ECF No. 162 at 13 (acknowledging Elliot's call logs show a call from counsel to Elliot's phone in line with the facts about the time entry and discussion of the settlement offer in the Wertheim declaration); *see also* ECF No. 162-2, ¶ 7, 9 (Humana's counsel's declaration stating that Wertheim's phone "numbers appear repeatedly" in Elliot's phone records and acknowledging the records reflect a call on May 5, 2023, along with "a series of zero-minute call attempts on May 4 and 5, 2023").

Humana simply cannot have it both ways—it cannot make such underhanded provocative attacks and accusations and then silence Plaintiff and his counsel from countering with the facts. Even Rule 408 expressly recognizes exceptions to the admission of offers of settlement. *See* FRE

---

[3] Only Elliott's declaration mentioned a specific number in terms of the offers. That was included by Elliot to prove that he received and rejected all of the offers made by Humana. Otherwise, Humana would almost certainly have claimed he was lying because he did not know the amounts that were offered.

408. Here, Plaintiff and his counsel's declarations submitted in support of the motion for class certification were a necessary rebuttal to Humana's false accusation and not made to prove the validity of Elliott's claims. There is simply no basis for Humana's request for extraordinary remedies: *sanctions* and that this Court hold Plaintiff and his counsel *in contempt of Court*. Nor is there a basis to *strike* the two declarations. *See* ECF No. 162.[4]

### B. The Wertheim and Elliot Declarations Should Not be Stricken.

The declarations should not be stricken. The motion to strike is based on the same false claims raised in the motion for sanctions that Plaintiff and his counsel have perjured themselves and lied to this Court, even though Humana and its counsel know that their statements are untrue.

Ironically, it was Humana that breached any potential settlement privilege that could have remained by improperly and gratuitously divulging numerous details and documents regarding settlement offers, discussions, and negotiations unnecessarily, purportedly in support of its motions. *See, e.g.*, ECF No. 162 at 14. But that information does not support any points in its motions and there was no reason to disclose it. The details and documents Humana has provided the Court regarding the substantive settlement discussions between the Parties are not relevant to any issue in this case.

Humana expressly and without evidence asserts in the motion to strike: "Plaintiff's counsel is now submitting false testimony to try to cover up that he hid Humana's [settlement offers] from his client so he could continue to seek a class resolution and seek the massive fees for counsel that come with one." *Id.* Not only is this unsupported by any facts (and is the reason the amount of the

---

[4] If Humana actually had concerns about any specific information or portions of the declarations, logically it would have asked that the declarations be redacted or sealed. But Humana never raised any such concerns to the undersigned—whether by a meet-and-confer process or even informally; it simply continued to file motions with this Court.

settlement offer was revealed), but it is contradicted by the evidence Humana submits to this Court. Humana admits its own review of Elliot's telephone records evidence the fact that undersigned counsel had a telephone conference with his client to convey one of the offers, just as stated in the Wertheim declaration. *See* ECF No. 162-1, ¶ 9. Humana's counsel's continued misrepresentations and unethical behavior is what should be sanctioned and stricken.

Humana, in its motion to strike—again with no evidence—claims that Plaintiff's declaration is a "manufactured story." *See* ECF No. 162 at 15. Humana tries to use this motion to file an unauthorized sur-reply. *See generally* ECF No. 162. All of this is based on the ridiculous notion that someone who forgot about a settlement offer made two years before his deposition is somehow inadequate to be the class representative, even though the person put the interests of the proposed class before his own as required. In fact, Humana devotes an entire section to its claim that the Court "must find [Elliot] inadequate to represent the class given his admitted memory problems." ECF No. 162 at 16-17. Humana's arguments are a clear attempt to submit an unauthorized sur-reply. The Motion to Strike should be denied.

### C. Humana's Feigned "Time is of the Essence" Distraction is Belied By its Eleventh Hour Filings: Humana Waited 23 and 24 Days After Elliot's Motion Was Ripe for Decision.

Humana has demonstrated a pattern of littering the docket with late submissions and untimely filings. Yet Plaintiff has ignored these violations to allow the Court to do its job rather than distract from the key issues with multiple motions. Here, at the twenty-fifth hour and more than three weeks after Elliot's motion for class certification was fully briefed and ripe for review,

7

Humana filed two more motions.[5] Any practitioner before this Court would know these filings are untimely.

But for Humana to claim after, waiting so long, that time is of the essence is implausible. To wait 23 and 24 days after the close of briefing to file a motion for sanctions and to strike the declarations in Elliot's reply demonstrates that Humana's outrage is feigned, and that delay is the goal. And Humana's unwarranted motion practice represents just another example in a long list of Humana disregarding this Court's schedule and disrespecting the Court's time.[6] What is more, Humana's motion for sanctions claims to "preview" even more untimely and inefficient filings that can be expected from Humana. Those further motions and distractions, if entertained, will only serve to delay this case further.

The type of uncooperative and hostile "practice by ambush" displayed by Humana and highlighted by these motions simply does not align with the long history of collegiality and decorum for which this Circuit is known. *See, e.g.*, *Mills v. City of Barbourville*, 389 F.3d 568, 581 (6th Cir. 2004) ("Ad hominem attacks on parties have no place in a judicial proceeding); *Jones v. H&J Restaurants, LLC*, No. 5:19-CV-105-TBR, 2020 WL 759901, at *2 (W.D. Ky. Feb. 14, 2020) (Defendant's *ad hominem* attacks against Plaintiff do not carry any weight in the Court's consideration of this matter. . . . [and such allegations are] wholly unpersuasive."). Nor are these unprincipled *ad hominem* attacks contemplated by the plain language or spirit of Federal Rule of Civil Procedure 1, which mandates that parties construe, administer, and employ the Federal Rules

---

[5] As noted, before this response was even filed, Humana filed two more frivolous and meritless motions also solely intended to delay and distract.

[6] The "irrelevant" disclosure complained of in Humana's motion for sanctions could easily have been rectified pragmatically by a simple redaction had they contacted undersigned counsel at any point prior to filing the unnecessary and unwarranted motion. Rather than confer to reach a reasonable resolution (and as required by the Local Rules), Humana instead resorted to inefficient and gratuitous motion practice, wasting this Court resources.

to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### D. Despite All Evidence to the Contrary, Humana Has Doubled Down On The False Accusations in Bad Faith.

Even after creating the issues and Plaintiff's measured response, Humana has now improperly doubled down on these *ad hominem* and false attacks in both its motion for sanctions and to strike. In the motion for sanctions, Humana asks this Court to impose a drastic and draconian sanction for what it deems an "irrelevant" issue. The minor disclosures are self-described by Humana as both "irrelevant," yet "egregious." *See* ECF No. 161 at 5.

And while Humana argues Elliot violated Local Rule 16.2(b), that Rule simply states that "[p]ositions taken and statements or concessions made during the mediation process shall not be admissible as evidence during any court proceedings." Plaintiff did not attempt to introduce the settlement discussions as substantive evidence, but to simply rebut Humana's unfounded allegations. Nothing in that Rule suggests that the contents of Elliot and his counsel's declarations are contempt-worthy or in violation of the Local Rule.

Humana's provocative allegations contained in both the motion for sanctions and to strike are premised on knowing falsities and fail on the merits. And Humana knows it. The motions should be rejected by the Court as nothing more than improper (though transparent) attempts to distract and get the last word.

## CONCLUSION

Humana's most recent motions underscore its now-familiar strategy: because it cannot engage on the merits, Humana will attack the integrity of its adversary and bury this Court in an

9

avalanche of baseless motions. This Court should put an end to Humana's desperate and unbecoming tactics.

Specifically, Elliot respectfully requests that this Court:

1) Deny Humana's Motion for Sanctions and Motion to Strike the Wertheim and Elliot Declarations;

2) Award Elliot the attorneys' fees incurred in responding to Humana's bad-faith Motions;

3) Suspend further motion practice until this Court decides Plaintiff's motion for class certification; and

4) Award Elliot such other and further relief as this Court deems appropriate.

Dated: February 7, 2025

Respectfully submitted,

/s/ James S. Wertheim
James S. Wertheim
The HQ Firm, P.C.
7533 S. Center View Ct. #4424
West Jordan, UT 84084
385-440-4121
jim@thehqfirm.com

Michael Hartmere, *pro hac vice*
Michael.hartmere@thehqfirm.com

Brittany Clark, *pro hac vice*
brittany.clark@thehqfirm.com

*Counsel for Plaintiff David Elliot*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2025, a true and accurate copy of the foregoing was served upon all counsel of record through the Court's ECF/PACER e-filing system.

/s/ *James S. Wertheim*
James S. Wertheim