UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID ELLIOT                                                                                                          Plaintiff

v.                                                                              Civil Action No. 3:22-cv-00329-RGJ

HUMANA INC.,                                                                                                    Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

David Elliot ("Elliot") moves to exclude the testimony and report of Humana, Inc.'s ("Humana") expert witness Margaret Daley ("Daley"). [DE 115]. Humana responded [DE 128] and Elliot replied. [DE 140]. This matter is ripe. For the following reasons, Elliot's Motion to Exclude Daley is **DENIED**.

**I.        BACKGROUND**

Elliot sued Humana for violating the Telephone Consumer Protection Act ("TCPA"). [DE 1 at ¶ 52-66]. Plaintiff alleges Humana telephoned Elliot numerous times despite not being a Humana customer and after being informed that Humana had the wrong number. [*Id*. at ¶ 4]. Elliot seeks to certify his claims as a class action, alleging other individuals have similarly received repetitive robocalls from Humana over a four-year period. [*Id*.].

In support of certification, Elliot relies on Verkhovskaya, a proposed expert witness who often testifies in TCPA cases. [DE 112 at 1114; DE 30 at 2369]. Verkhovskaya opined that using the data provided by Humana, there is a reliable and efficient method of effectively determining and notifying the proposed class that comports with the requirements of Fed. R. Civ. P. 23 and due process. [DE 112-1 at 1139]. Her opinion is detailed in the Court's Memorandum Opinion & Order on the Elliot's Motion to Exclude Verkhovskaya and the Court incorporates that background and opinion by reference. [DE 181].

1

Humana presents Margaret Daley ("Daley") as a rebuttal witness. Daley has been called to opine on "whether there is a reliable way to determine on a class wide basis whether Humana non-members received prerecorded messages." [DE 128 at 2005]. Daley is the Vice President at Charles River Associates ("CRA") and a member of its Forensics Services practice group. [DE 128-1 at 2019]. CRA provides expert services, independent expert testimony, litigation and regulatory support, authoritative studies, strategic advice, and data analytics to law firms, Fortune 500 corporations, government agencies, and various regulatory bodies. Daley has specialized experience in TCPA compliance, and digital forensic investigations. [*Id*]. Daly has also authored three publications on TCPA compliance and wrong number issues. [DE 128-2 at 2070-72.].

Daley opines that the class identification process proposed by Verkhovskaya is unreliable and it is impossible, absent individualized investigation, to reasonably identify class members or non-customers of Humana that received wrong number calls. [DE 128-1 at 2018-19]. Daley also opines that Verkhovskaya's reverse-append methodology does not reliably identify people who should receive notice. [*Id*. at 2019].

## II.     STANDARD

The admissibility of expert testimony is set forth in Federal Rule of Evidence 702 which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

In *Daubert,* "the Supreme Court established a general gatekeeping obligation for trial courts to exclude from trial expert testimony that is unreliable and irrelevant." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *see also Conwood Co., L.P. v. U.S. Tobacco Co.*, 290 F.3d 768, 792 (6th Cir. 2002).

> Under Rule 702 of the Federal Rules of Evidence, a proposed expert's opinion is admissible . . . if the opinion satisfies three requirements. First, the witness must be qualified by knowledge, skill, experience, training, or education. Second, the testimony must be relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue. Third, the testimony must be reliable.

*Burgett v. Troy-Bilt LLC*, 579 F. App'x 372, 376 (6th Cir. 2014) (quoting *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528-29 (6th Cir. 2008)). The party that proffers the expert testimony understandably bears the burden to establish its admissibility by a preponderance of the evidence. *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 250–51 (6th Cir. 2001) (citing *Daubert*, 509 U.S. at 592 n. 10).

The Court does "not consider 'the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question.'" *Id.* (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994)). As a result, the Court must determine whether the witness is qualified to offer an opinion in that specific area of expertise necessary to answer the question at issue. *In re Welding Fume Prods. Liab. Litig.*, 2005 WL 1868046, at *33 (N.D. Ohio Aug. 8, 2005). "Under the Federal Rules of Evidence, the only thing a court should be concerned with in determining the qualifications of an expert is whether the expert's knowledge of the subject matter is such that his opinion will likely assist the trier of fact in arriving at the truth. The weight of the expert's testimony must be for the trier of fact." *Mannino v. Int'l Mfg. Co.*, 650 F.2d 846, 851 (6th Cir. 1981).

For an expert opinion to be admissible under FRE 702, a party must demonstrate not that the opinion is *correct*, but that it is *reliable*, and must do so by a preponderance of the evidence.

*Davis Elecs. Co. v. Springer Cap., LLC,* 558 F. Supp. 3d 443, 448 (W.D. Ky. 2021) (citing *In re Paoli Yard PCB Litigation*, 35 F.3d 717, 744 (3d Cir. 1994) (emphasis added)). "So long as the proffered testimony is properly grounded, well-reasoned, and not speculative, district courts should admit it, for the rejection of expert testimony is the exception rather than the rule." *Crouch v. John Jewell Aircraft, Inc.*, 2016 WL 157464, at *2 (W.D. Ky. 2016) (internal citations and punctuation omitted). Even "shaky" expert testimony should be admitted, and "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" should be employed to attack the testimony. *Daubert* 509 U.S. at 596.

To help determine reliability, the Supreme Court laid out several factors for the courts to consider. *Daubert*, 509 U.S. at 592–594. These factors include: "testing, peer review, publication, error rates, the existence and maintenance of standards controlling the technique's operation, and general acceptance in the relevant scientific community." *United States v. Langan*, 263 F.3d 613, 621 (6th Cir. 2001) (citing *Daubert,* 509 U.S. at 593–94). The Sixth Circuit has cautioned that trial courts should look for certain "red flags" when assessing the FRE 702 admissibility of expert testimony. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012). Indications that expert testimony might lack sufficient reliability include "reliance on anecdotal evidence, improper extrapolation, failure to consider other possible causes, lack of testing, and subjectivity." *Id.* (citing Best v. Lowe's Home Ctrs., Inc.*, 563 F.3d 171, 177 (6th Cir. 2009)).

The test of reliability, however, is "flexible," and the *Daubert* factors do not constitute a "definitive checklist or test," but may be tailored to the facts of a particular case. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) (citing *Daubert*, 509 U.S. at 593); *Dilts v. United Grp. Servs., LLC*, 500 F.App'x 440, 445 (6th Cir. 2012) ("[A] trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert

4

testimony is reliable.") (quoting *Kumho Tire Co.*, 526 U.S. at 152); *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429-30 (6th Cir. 2007) (acknowledging the "flexible" nature of the trial court's inquiry into expert witness reliability)). Courts have "stressed, [] that *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. . . [i]n some cases . . . the factors may be pertinent, while in other cases the relevant reliability concerns may focus upon personal knowledge or experience." *First Tennessee Bank Nat. Ass'n v. Barreto*, 268 F.3d 319, 335 (6th Cir. 2001) (finding the *Daubert* factors "unhelpful" in a case involving "expert testimony derived largely from [expert's] own practical experiences throughout forty years in the banking industry [because] [o]pinions formed in such a manner do not easily lend themselves to scholarly review or to traditional scientific evaluation") (internal citations omitted). When a party challenges the testimony of a proffered expert for insufficient "factual basis, data, principles, methods, or their application . . . the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of [his or her] discipline." *Kumho Tire Co*, 526 U.S. at 142 (quoting *Daubert*, 509 U.S. at 592). The *Daubert* inquiry involves balancing the desire to liberally admit relevant evidence against the need to exclude misrepresentative "junk science." *Best*, 563 F.3d 176–77 (citing *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002)).

### III. ANALYSIS

#### 1. Admissibility of Verkhovskaya's Opinion

Both parties spend significant time arguing about the admissibility and reliability of Verkhovskaya's opinion. These arguments are not directly relevant to the admissibility of Daley as an expert witness. The Court has also already addressed the admissibility of Verkhovskaya in a recent order [DE 181] and will not address these arguments further.

5

## 2. Daley's Qualifications

Elliot argues that Daley is not qualified to render her opinions and, as a result, must be excluded. [DE 115 at 1852]. Specifically, Elliot asserts that "Daley is a consultant without notice or administration experience," [*id.* at 1854], she "does not 'know what the standards are for class notice,'" [*id.* at 1853], and she "has never participated in class notice programs or worked as a claims administrator," [*id.*]. Elliot states that

> identifying putative class members requires a combination of experiential judgment, technical processes, outreach strategies, and compliance with the relevant legal framework for notice and claims administration. Daley lacks experience in all of these areas.

[*Id.* at 1854].

Yet Humana contends that Daley was admitted to "opine on whether there is a reliable way to determine on a class wide basis whether Humana non-members received prerecorded messages" which she is well qualified to do based on years of experience. [DE 128 at 2011].

Experience alone may qualify an individual as an expert witness. *Kings Dodge, Inc. v. Chrysler Grp., LLC*, 2013 WL 6198307, at *7 (S.D. Ohio Nov. 27, 2013), *aff'd*, 595 F. App'x 530 (6th Cir. 2014) (citing *United States v. Cunningham*, 679 F.3d 355, 378 (6th Cir. 2012)). *See also* Fed. R. Evid. 702 and Advisory Committee's notes to 2000 Amendments ("In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony."). The Court does "not consider 'the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question.'" *Berry,* 25 F.3d at 1351; *In re Welding Fume Prods. Liab. Litig.*, 2005 WL 1868046, at * 33 ("An expert may be highly qualified to respond to certain questions and to offer certain opinions, but insufficiently qualified to respond to other, related questions, or to opine about other areas of knowledge."). "[T]he expert need not have complete knowledge about the field in question and need not be certain. He need only be able to aid the jury in resolving a relevant issue." *Mannino,* 650 F.2d at

6

851. "Under the Federal Rules of Evidence, the only thing a court should be concerned with in determining the qualifications of an expert is whether the expert's knowledge of the subject matter is such that his opinion will likely assist the trier of fact in arriving at the truth. The weight of the expert's testimony must be for the trier of fact." *Id.* at 850]. "[Courts] take a liberal view of what 'knowledge, skill, experience, training, or education' is sufficient[.]" *Bradley v. Ameristep, Inc.*, 800 F.3d 205, 209 (6th Cir. 2015).

Daley is a Certified Information Privacy Professional (CIPP), a Certified Fraud Examiner (CFE) and a licensed attorney in the state of Illinois. [DE 128-1 at 2020]. Daley is also the Vice President at CRA and a member of its Forensics Services practice group. [DE 128-1 at 2019]. Daley has significant experience providing expert testimony, litigation and regulatory support, and data analytics to law firms, Fortune 500 corporations, government agencies, and various regulatory bodies. [*Id.*]. Daley has specialized experience in TCPA compliance, and digital forensic investigations. [*Id*]. Daly has also authored three publications on TCPA compliance and wrong number issues. [DE 128-2 at 2070-72.] Daley's experience in data analytics includes working with the reverse-append procedure proposed by Verkhovskaya. [DE 128-1 at 2019].

"A witness with general qualifications in a field can be properly qualified as an expert; the lack of experience in a more specialized area within the field goes to the weight and not admissibility of the expert's testimony." *Ross v. Am. Red Cross*, No. 2:09-CV-905, 2012 WL 1656995, at *4 (S.D. Ohio May 10, 2012), *aff'd*, 567 F. App'x 296 (6th Cir. 2014) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288 (6th Cir. 2007)). Just because a witness with more expertise and experience in class notice and administration may be able to formulate more specific opinions does not mean that an otherwise qualified witness with less experience cannot also offer relevant and reliable testimony. *See Barreto*, 268 F.3d at 333 (describing the "central issue" for trial as "unduly narrow"; the expert's unfamiliarity with some aspects of the

7

subject at hand informed weight and not admissibility of his testimony). Moreover, "[t]he fact that a proffered expert may be unfamiliar with pertinent statutory definitions or standards is not grounds for disqualification." *Davis v. Combustion Eng'g, Inc.,* 742 F.2d 916, 919 (6th Cir. 1984). Here, Daley has sufficient experience in TCPA compliance and wrong number issues as well as the reverse-append procedure proposed by Verkhovskaya. And, as a result, her opinions will assist the trier of fact.

Elliot's argument that courts have "criticized Daley's attempts to offer legal opinions or rejected her opinions entirely" is unavailing as Daley has not been excluded in any of the cases Elliot cites. [DE 141 at 2559]. Cases like *Wesley v. Snap Fin. LLC*, still consider Daley's expert opinion, they just do not follow it in their ruling. 339 F.R.D. 277, 290 (D. Utah 2021). Daley has been found qualified to opine on similar matters by other district courts including in cases such as *Revitch v. Citibank, N.A*., 2019 WL 1903247 (N.D. Cal. Apr. 28, 2019) and *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118 (N.D. Tex. 2020). Courts may rely on the opinion of one expert over another without finding that one is unreliable under Daubert. Qualified experts can offer different opinions, and courts may find one more persuasive than another without finding that one is unreliable. *Phillips v. Cohen*, 400 F.3d 388, 399 (6th Cir. 2005).

Daley has relevant training as evidenced by her education and certifications, as well as years of experience dealing with the issues she has opined on. This Court finds Daley is qualified by training and extensive experience to offer her expert opinion on class action notice and TCPA claim issues and Elliot's arguments to the contrary are unavailing.

### 3. Daley's Reliability

Elliot argues that Daley's opinion is unreliable because she engages in "unsupported speculation" and has no knowledge of the facts she opines on. [DE 115 at 1857-58]. Humana

8

responds, arguing that Daley had access to Verkhovskaya's report and all the same information as Verkhovskaya, and even conducted her own testing on that data. [DE 128 at 2014].

Under *Daubert*, for an expert's opinion to be reliable it must be "supported by appropriate validation—i.e., "good grounds," based on what is known." *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 529 (citing *Daubert*, 509 U.S. at 590). Stated differently, reliability does not depend on the accuracy of the opinion but "whether it rests upon a reliable foundation, as opposed to, say, unsupported speculation." *Lucio v. Levy Env't Servs. Co.*, 173 F. Supp. 3d 558, 565 (N.D. Ohio), *aff'd*, 670 F. App'x 889 (6th Cir. 2016) (citing *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 529).

Daley's opinion is based on the opinion of Verkhovskaya. Daley uses her own experience in related fields to opine on the methodology that Verkhovskaya proposes to identify and notice class members. [DE 128 at 2015]. Daley has access to the same information that Verkhovskaya had access to at the time she made her opinion, and both parties received the information from Humana's records. Experts need not base their opinions on personal knowledge. *Clark v. Louisville-Jefferson Cnty. Metro Gov't, Kentucky*, No. 317CV00419GNSCHL, 2024 WL 55518, at *3 (W.D. Ky. Jan. 4, 2024). They may rely on facts or data that counsel gives them, i*d.*, and as long as they do not merely serve as a conduit for another, "[a]n expert may base his opinions on data gathered by others." *United States v. Maga*, No. 3:08-CR-166, 2010 WL 11519476, at *2 (S.D. Ohio July 8, 2010), *aff'd*, 475 F. App'x 538 (6th Cir. 2012). Daley bases her opinion on the same information as Verkhovskaya. A challenge to the factual basis of Daley's report is essentially a challenge to the reliability of Verkhovskaya's report which the Court already found sufficiently reliable. [DE 181]. Additionally, although not required, Daley tested parts of Verkhovskaya's methodology to ensure the reliability of Daley's opinion. [DE 128-1 at 2056]. Daley's opinion is both factually, and methodologically reliable.

Further, many of the objections raised by Elliot regarding Daley's reliability go to the weight that should be given to the expert's opinions, and not to their exclusion. *See Pirolozzi v. Stanbro,* 2009 WL 1441070, at *4 (N.D. Ohio May 20, 2009.) This is especially true to the extent that they attack the basis of Daley's testimony, which is Verkhovskaya's own report and data. *Id*. Elliot will have a full opportunity to cross-examine Daley at trial, just as Humana will have the opportunity to cross-examine Verkhovskaya. O*hio A. Philip Randolph Inst. v. Householder*, 367 F. Supp. 3d 697, 714 (S.D. Ohio 2019).

### 4. Relevance

Elliot argues that Dailey's opinion is not relevant for two reasons. First, Elliot contends that Daley misunderstands the notice procedure of Fed. R. Civ. P. 23. [DE 115 at 1855-56]. Second, Elliot contends that Daley misrepresents Verkhovskaya's testimony. [*Id*.]. Humana asserts that Daley's opinion addresses whether there is "a reliable method to identify putative class members that were actually called at wrong numbers" and challenges the opinion of the expert witness Elliot calls to prove that there is a reliable method. [DE 128 at 2013]. According to Humana, Daley's opinion is relevant because these are issues fundamental to class certification. [*Id*.].

In defining the proper scope of rebuttal testimony, courts have held that rebuttal evidence "identifies a flawed premise in an expert report that casts doubt on both that report's conclusions and its author's expertise." *Branche v. Zimmer, Inc*., 2009 WL 8750012, at *8 (E.D. Tenn. Mar. 9, 2009) (quoting *Sci. Components Corp. v. Sirenza Microdevices*, 2008 U.S. Dist. LEXIS 92703, at *7 (E.D.N.Y. Nov. 13, 2008)); *see also* Fed. R. Civ. P. 26(a)(2)(C)(ii) (defining a rebuttal report as one "intended solely to contradict or rebut evidence on the same subject matter identified by another party"). Daley's testimony does just that. Daley opines that the class identification process proposed by Verkhovskaya is unreliable and there is no way, absent

10

individualized investigation, to reasonably identify class members or non-customers of Humana that received wrong number calls. [DE 128-1 at 2018-19]. Daley also opines that Verkhovskaya's reverse-append methodology doesn't reliably identify people who should receive notice. [*Id.* at 2019]. Daley's opinions are relevant as they identify potential flaws in Verkhovskaya's opinion that are relevant in determining numerosity, typicality, ascertainability, and whether common questions predominate for class certification under Fed. R. Civ. P. 23.

Elliot also argues that Daley's opinion is irrelevant because Daley's opinion fails to acknowledge that class notice will necessarily go to some individuals who may not have claims. *Schilling v. Kenton Cnty., Ky.*, 2011 WL 293759, at *6 (E.D. Ky. Jan. 27, 2011). According to Elliot, Daley claims Verkhovskaya's opinion is irrelevant because it will misidentify and notice some non-class members because of a "lack of knowledge of the standards for class notice," which renders Daley's opinion irrelevant as she does not know the standard. [DE 115 at 1856]. This argument is unavailing for two reasons. First, the argument that Daley lacks knowledge of class notice standards is primarily a qualifications argument, and the Court has already found Daley well qualified. *See Combustion Eng'g, Inc.,* 742 F.2d at 919 ("The fact that a proffered expert may be unfamiliar with pertinent statutory definitions or standards is not grounds for disqualification.") Second, Elliot misrepresents Daley's argument. Daley argues that there is no way to identify class members "absent individualized investigation" not just that some non-class members will be noticed improperly. [DE 128 at 2014]. Daley's argument objects to the process itself as fundamentally flawed, which is relevant to a question that must be answered at this phase of the litigation.

Elliot further argues that Daley misrepresents Verkhovskaya' methodology as "a one item, reverse append, review." This argument is unsupported by the record. Daley considers the entirety of Verkhovskaya's opinion. [DE 128-1 at 2018]. Daley's own opinion focuses on the

11

reverse append review because it is a core component of Verkhovskaya's methodology that Daley opines is unable to accurately identify class members. [*Id*. at 2045-2046]. Daley's opinion merely spends more time addressing the portion of Verkhovskaya's methodology that Daley' finds most objectionable.

Elliot also appears to argue that Daley's opinion is not relevant as it was offered "solely for purposes of litigation, as opposed to . . . flowing naturally from an expert's . . . technical work[.]" *Johnson*, 484 F.3d at 434 (citing *Turpin v. Merrell Dow Pharms., Inc.*, 959 F.2d 1349, 1352 (6th Cir. 1992)). When an expert's opinion does not flow naturally from prior research or experience outside of the litigation a court may view their opinion with caution or the apply Daubert factors more stringently. *Id*. However, Elliot does not explain what about Daley or her testimony was offered up solely for the purposes of litigation or why that would render her opinion inadmissible. Elliot fails to provide the Court with an example or record cite to support this contention and does not elaborate or develop this argument at all beyond this bare assertion from a single cited case. [DE 141 at 2607]. The Court need not consider this argument because "'[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived[.]'" *In re HNRC Dissolution Co*., 585 B.R. 837, 849 (B.A.P. 6th Cir. 2018) (quoting *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999)). Elliot is still free to cross examine Daley about her reliability and how her opinion was developed at trial.

Daley's opinion is reliable. Because the Court finds Daley to be sufficiently qualified, and her opinions reliable and relevant, Elliot's Motion to Exclude Daley's testimony [DE 115] is **DENIED**.

## IV. CONCLUSIONS

For all the reasons above, and the Court being otherwise sufficiently advised**, IT IS ORDERED THAT** Elliot's Motion to Exclude Daley's testimony [DE 115] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

March 28, 2025