UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

DAVID ELLIOT

v.                                          Case No. 3:22-CV-329-RGJ-CHL

HUMANA INC.

**PLAINTIFF DAVID ELLIOT'S OPPOSITION TO DEFENDANT HUMANA INC.'S BILL OF COSTS**

### I.   Introduction

On April 9, 2025, this Court conducted a hearing on Defendant Humana, Inc.'s ("Humana") Motion for Sanctions [ECF 161/170] and its Motion to Strike [ECF 162]. This Court denied the Motion to Strike and partially granted the Motion for Sanctions ("Motion") with specific limitations. The Court stated it was denying most of the relief requested but was granting "reasonable expenses" related only to the Motion for Sanctions and would not require Plaintiff to pay for fees that were garnered through prosecuting Humana's Motion to "a level that was unnecessary." Ex. A, Hearing Transcript at 72:2-25.

Humana has failed to request reasonable attorney fees. Humana's fee request is unreasonable for a multitude of reasons, including that many charges do not relate to the Motion for Sanction and/or are excessively high, the relief granted was limited, and the hourly rate sought does not comport with the local custom.

## II.    Standard Of Review

Humana cites to twelve factors outlined in *Isabel v. City of Memphis* that are used to determine reasonableness in the Sixth Circuit. 404 F.3d 404, 415 (6th Cir. 2005).  They are: (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the `undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Humana only addresses a few of these in its presentation.

But more importantly, Humana fails to acknowledge what *Isabel* defines as "'[t]he most critical factor' in determining reasonableness." *Id.* at 416. The *Isabel* court stated that the most critical factor for determining reasonableness is not any of the twelve factors cited, but rather "the degree of success obtained…[w]here a [movant] obtains 'limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained.'" *Id.* (internal citations omitted).

### A.  Humana's Success in Regard to Motion for Sanctions Was Limited

Humana's request that the Court "(a) hold a hearing on Plaintiff's and his counsel's sanctionable misconduct; (b) find Plaintiff and his counsel in contempt of Judge Lindsay's order; (c) grant Humana the expenses it incurred in connection with this motion and the mediation; (d) consider Plaintiff's and his counsel's intentional breaches as strong additional evidence of their inadequacy; (e) seal or otherwise remove from the public record Plaintiff's and his counsel's disclosures; and (f) grant Humana leave to disclose, under seal, information revealed at mediation that further establishes Plaintiff's and his counsel's inadequacy." *See* Motion for Sanctions [ECF 161] at 2-3. The Court granted a hearing, reasonable fees to a degree, and limited redaction.

2

The Court, however: (1) declined to find Elliot or his counsel inadequate; (2) denied Humana fees related to the mediation; (3) did not hold Elliot or his counsel in contempt; and (4) declined Humana's request to disclose mediation information under seal. Humana's limited success should be considered in determining the fees the Court awards. *See Outdoor Prod. Innovations, Inc. v. Jest Textiles, Inc.*, No. 1:18 CV 2457, 2020 WL 13470888, at *1 (N.D. Ohio June 11, 2020) (cutting requested $41,653.50 in fees to $5,000 because, among other reasons, "plaintiff lost the motion in large measure."). Like the party in *Outdoor Prod.*, Humana spent the vast majority of its efforts in the Motion for Sanctions not on the true issue, but focusing on obtaining a dismissal of the case on the merits, or the equivalent thereto. But the Court denied that aspect of the motion and fashioned its own remedy. Humana's primary goal—and the majority of its efforts—went towards the disqualification of Elliot and his counsel. Therefore, it would be "unreasonable to award fees on the facts of this case for the entirety of the amount requested." *Id.*

### B.  The Amount of Time Spent was Unreasonable

Humana's fee request should be further restricted due to Humana's disregard of the Court's clear instructions. The Court stated it would not "direct the plaintiff to pay for four lawyers to come to a hearing at which one lawyer made an argument." Transcript, 72:12-14. And yet, Humana still requests fees for two attorneys, Mr. Terepka and Mr. Leonard for both preparation and attendance at the hearing. *Id*. at 72:16-17 ("Mr. Schisler is more than capable of making all of the arguments that were made today.")

In addition to identifying a reasonable forum rate, courts must also review hours expended and exclude billed hours that are "excessive, redundant, or otherwise unnecessary." McKenna, 582 F.3d at 455 (quoting Hensley, 461 U.S. at 434). *D'Ottavio v. Slack Techs*., No. 118CV09082NLHAMD, 2022 WL 17976822, at *2 (D.N.J. Dec. 28, 2022)

Humana is similarly overindulgent when submitting time entries. Humana states it preemptively "eliminated time that could reasonably be considered block billing for time spent

3

on the associated Motion to Strike the Sham Declarations, which was also heard on April 9, 2025." Motion at 5. However, the submitted invoice reveals a multitude of entries for work not related to Humana's Motion for Sanctions, but related to the Motion to Strike, Sur-Reply, and general review of Plaintiff's Motion for Class Certification. *See* Ex. B, Redacted Invoices Submitted by Humana at 4, 5, 9, 10, 14, 18, 20, 21, 23, 24, 25, 26, and 37. Further, a large portion of the entries include correspondence through email, telephone calls, "comments", and general team strategies. *Id.* at 4, 5, 9, 10, 14, 18-21, 23-26, 37, 38, and 48. Of the seventy-time entries Humana submitted for drafting the brief and reply, over thirty include, or are limited to, emails, telephone calls, strategy sessions, comments, and/or correspondence with team members on Humana's motion practice. *Id.*

Courts routinely find such billing practices excessive. *See Diamond Resorts U.S. Collection Dev., LLC v. Wesley Fin. Grp., LLC*, No. 3:20-CV-251-DCLC-DCP, 2025 WL 890658, at *7 (E.D. Tenn. Mar. 21, 2025) (addressing fee request for a sanctions motion and finding that "there are too many instances (i.e., over 20 entries) relating to internal correspondence/communications and strategy."); *see also Ward v. Borders*, No. 3:16-CV-393-RGJ-RSE, 2024 WL 4242059, at *4 (W.D. Ky. Sept. 19, 2024) ("In considering whether the time expended is reasonable, the Court should 'exclude excessive, redundant, or otherwise unnecessary hours.'").

At its foundational core, Humana's total hours are facially unreasonable, even after Humana "removed timekeepers", "eliminated attorneys", "reduced hours", and took a "critical view of the time expended by counsel." Motion at 5. As one district court in the Sixth Circuit found:

> "Plaintiff submitted its application for attorneys' fees requesting an astonishing **$41,653.50**…But, the real concern lies in the amount of time spent by the attorneys in preparing the motion, reply, and fee application. Plaintiff's counsel billed **over 142 hours** on this issue. That constitutes nearly an **entire *month* of billable time devoted to one non-dispositive motion**. In addition, over 82 of these hours were billed at the partner

4

level…[t]his Court has presided over countless requests for fees in the past 30-plus years and never has the Court seen a fee request of this magnitude for this type of motion."

*Outdoor Prod. Innovations, Inc.*, 2020 WL 13470888, at *1. (emphasis in original). Similarly, Humana is asserting that it spent **160 hours** on briefing, preparation, and the hearing, "an entire month of billable time devoted to one non-dispositive motion." *Id.* Further, it is claiming fees of close to $50,000 for one non-dispositive motion, while the court in *Outdoor Prod.,* found a total of $15,000 for the same kind of motion to "be the absolute ceiling for a fee to be considered reasonable." *Id.* "…, the Court also finds that sanctions should not be viewed by an opponent as a limitless trove for obtaining fees. Rule 37 requires that the fee awarded must be 'reasonable.'" *Id.*

Despite claiming to cut its expenses "50% in a good faith effort to confine the request to meet with the Court's expectations of a reasonable request", Humana submits a fee request that disregards this Court's recommendations on counsel necessity and includes excessive, irrelevant, and repetitive time entries.

### C. Reasonableness of Rates

Humana seeks a blended rate of $550 per hour which includes the young associate who performed much of the work. Besides providing no information that this is a reasonable rate for Kentucky, at least one case cited by Humana related to the work of its own attorney shows the rate is not reasonable. In *Big Sandy Co. L.P. v. Am. Carbon Corp.*, No. CV 21-88-DLB-EBA, 2024 WL 5396191, at *3 (E.D. Ky. June 12, 2024), cited by Humana to demonstrate a reasonable rate, the court determined that an hourly rate of **$345** was reasonable for attorneys in this area possessing similar skills and experience. Thus, the blended rate of $550 is excessive.

### III.    Conclusion

Humana submits a fee request that is shockingly excessive and fails on all criteria. The rate is excessive as is the amount of time claimed. While Humana did partially prevail, the issue on which it prevailed could have been resolved outside of court and with a much simpler motion that did not attempt to serve as a sur-reply to the Motion for Class Certification.  As Judge Jennings wrote in the Class Certification ruling: "Certainly, in hindsight Plaintiff's counsel should have sought permission from the Court to disclose that settlement offer amount through the filing of a motion to seal or other mechanism, but given the context in which Humana presented its challenge to Plaintiff's counsel's ethics the Court understands how it happened." [ECF 205]. There was no huge breach as Humana suggests. While the Court found a violation, Plaintiff's actions don't justify the excessive fees sought by Humana.

DATED: May 14, 2025                                   **The HQ Firm, P.C.**

                                                      /s/ *James S. Wertheim*
                                                      James S. Wertheim
                                                      7533 S. Center View Ct. #4424
                                                      West Jordan, UT 84084
                                                      (385) 440-4121
                                                      jim@thehqfirm.com

                                                      Michael C. Hartmere
                                                      *Pro hac vice*
                                                      Michael.Hartmere@thehqfirm.com

                                                      Brittany N. Clark
                                                      *Pro hac vice*
                                                      Brittany.Clark@thehqfirm.com

                                                      *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2025, a true and accurate copy of the foregoing was served upon all counsel of record through the Court's ECF/PACER e-filing system.


/s/ *James S. Wertheim*
James S. Wertheim

7