UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID ELLIOTT,

        Plaintiff,                        CIVIL ACTION NO. 3:22-CV-329-RGJ

v.

HUMANA, INC.,

        Defendant.

### HUMANA INC.'S REPLY IN SUPPORT OF PETITION FOR REASONABLE ATTORNEYS' FEES [DN 219] AWARDED PURSUANT TO DN 211

Defendant Humana, Inc. ("Humana"), by and through counsel, hereby submits its reply to Plaintiff David Elliott's ("Plaintiff") response ("Response") to Humana's Petition for Reasonable Attorneys' Fees ("Petition") as follows:

Humana's Petition seeks reasonable fees related to the specific categories outlined in the Court's Order. [DN 211.] As evidenced by the limited time entries provided with the Petition and the additional limitations of fees outlined in the Petition, Humana is only seeking a slim subset of the fees incurred in relation to filing the Motion for Sanctions (DN 161), Reply (DN 170) and participation in the hearing on April 9, 2025, as instructed by the Court. Contrary to Plaintiff's characterization, Humana (1) considered and proposed limited fees in accordance with the Court's Order; (2) requested a reasonable award based on a reasonable reduction of time spent on the Motion, Reply, and hearing attendance; and (3) requested a reasonable rate in accordance with the community standard, despite the fact that Humana was permitted to seek full rates charged under applicable law. Accordingly, Humana requests its Petition for fees be granted in full.

I.   **Humana's request is limited to the specific categories of relief outlined in the Court's Order.**

Plaintiff argues Humana is not entitled to the requested fees because the Court did not award all the relief sought in the Motion for Sanctions. Response, p. 3. Plaintiff further argues Humana is not entitled to relief because Humana "spent the vast majority of its efforts" focusing on obtaining dismissal on the merits. *Id*. This is a simply not accurate. Humana specifically stated in its Motion for Sanctions, "Humana does not seek dismissal as a sanction here (though it could)." [DN 161.] Even if Humana sought dismissal as a sanction, courts in this Circuit have explicitly rejected Plaintiff's argument that unsuccessful claims in a motion should result in a reduction of the attorney fee award. *PepsiCo v. Cent. Inv. Corp.*, 216 F.R.D. 418, 421 (S.D. Ohio 2002) ("Next, the Court finds no merit in the contention that [the defendant's] fees related to the motion for sanctions should be reduced because it did not get the relief it sought. This is not an application for fees by a civil rights litigant in which the court must gauge the plaintiff's degree of success versus the relief sought.") In *Pepsico* the court awarded sanctions of over $100,000 as a reasonable request for discovery violations though the party seeking fees did not prevail on some of the relief requested. *Id*. The Court made clear "the guilty party should not then be heard to complain that the other party's expenses should be reduced because, in the words of PepsiCo's counsel, it 'shot the moon' but did not get the last card." *Id*. [1]

In this case, the Court's Order granting fees specified the award Humana is permitted to seek.  The Court unambiguously directed Plaintiff must pay Humana "reasonable expenses in relation to filing the Motion…Reply…and for the hearing." [DN 211.] Because Humana has

---

[1] Plaintiff's focus on the fact that Humana did not prevail on its Motion to Strike the Declarations of Plaintiff and his counsel is misplaced.  While the Court denied Humana's Motion to Strike, the Court ordered Plaintiff to re-file revised Declarations with certain information redacted.  Thus, Humana obtained practical relief consistent with part of its request to strike the Declarations.  Despite the fact Humana achieved that benefit, Humana has not included any time associated with the Motion to Strike in its fee petition.

2

followed the Court's Order concerning the categories of recoverable expenses, the fee request is appropriate and need not be further limited.

II. **The Amount of Time Spent on the Motion, Reply, and Attendance at the April 9, 2025 Hearing was reasonable and justified by the time entries submitted.**

To begin, Humana did not disregard the Court's Order by including both Mr. Terepka's and Mr. Leonard's time at the April 9, 2024 hearing in its fee request. While the Court made clear Humana was to submit a reasonable request for fees, the inclusion of two attorneys' time spent at the hearing is not unreasonable. While Mr. Terepka argued the motion, Mr. Leonard was responsible for handling the exhibits necessary for the testimony elicited. As a result, Humana included Mr. Leonard's time as he played an integral part at the hearing and his time was valuable for the success of the Motion.[2]

Next, Plaintiff argues Humana's time entries are excessive and overindulgent despite Humana's voluntary reduction of time associated with the Motion for Sanctions. Response, p. 4. Plaintiff cites *Outdoor Prod. Innovations, Inc. v. Jest Textiles, Inc.*, No. 1:18 CV 2457, 2020 U.S. Dist. LEXIS 264712, at *3 (N.D. Ohio June 11, 2020), in support of his argument, but *Outdoor* is inapplicable. The award in *Outdoor Prod. Innovations* was granted as a discovery sanction for the "very straightforward issue" of failure to produce documents. *Id.* at *3. The issue in this case – sanctions against a party and counsel for violation of the mediation privilege and violation of the Court's mediation orders – is a very serious issue as evidenced in the very few cases in which the violation has been addressed and the wide range of remedies awarded. *See Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 677-78 (6th Cir. 2013) (striking reply brief that disclosures were offered

---

[2] No other attorney time for preparation for the hearing, attendance at the hearing, or travel are included in the request, though each was billed to Humana for all of its attorneys. Notably, all of Humana's counsel of record attended the hearing, at least in part, because the Court had also scheduled the final pre-trial conference that same day where all trial counsel were required to attend pursuant to the instructions of the Court's scheduling order. Nevertheless, in line with the Court's expressed expectations, Humana removed the time for the other attorneys attending the hearing from the amount of fees requested.

3

to support as a sanction); *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787 (7th Cir. 2009) (affirming dismissal with prejudice as a sanction for unauthorized disclosure); *In re City of Detroit*, 654 B.R. 266, 279 (Bankr. E.D. Mich. 2023) (imposing sanctions and awarding monetary relief for party's disclosure of confidential mediation-related information). Unlike the straightforward discovery violation in *Outdoor*, the violation here could have impacted the adequacy of counsel for class purposes and exposed Humana to prejudice in other cases by having confidential mediation communication in the public record. Therefore, this case is much more like *Pepsico* where the Court recognized the full award of sanctions was merited for the serious misconduct at issue. *Pepsico, Inc.,* 216 F.R.D. at 421.

Plaintiff generally identifies two categories of contested entries: (1) time entries concerning the Reply in Support of Motion for Class Certification, the Motion to Strike, and Sur-Reply, and (2) correspondence within the Humana legal team. Humana's time entries in each of these categories was appropriate and justified as outlined below.

*First*, any time entries associated with the review of Reply in Support of the Motion for Class Certification was necessary because the offending declarations disclosing confidential mediation communications were contained in the Reply. There was no possible way to draft the Motion for Sanctions without review of the Reply and the offending declarations. As a result, such time entries fit within the Court's Order as "expenses in relation to filing its Motion." Further, the only entries related to the Reply in Support of Class Certification were limited as follows and directly resulted in the strategy to bring the Motion for Sanctions:

4

| Alex Terepka | 1/2/2025 | 2.2 | Review and analyze Plaintiff's certification reply papers and declarations and Ryan's notes on same and related research results regarding potential sanctions for violating mediation privilege and prepare client summary outlining key issues. |
|---|---|---|---|
| Toby Schisler | 1/2/2025 | 1.2 | Review and analyze Elliot's Reply in support of class certification and accompanying exhibits, and prepare e-mail to Lindsey Boyd and litigation team assessing same |
| Toby Schisler | 1/2/2025 | .2 | Review and analyze e-mail from Alex Terepka assessing Elliot's reply in support of motion for class certification |

Similarly, the "mixed entries" that remained in Humana's calculus for the fee award were also necessary. Notably, Plaintiff responded to the Motion to Strike and the Motion for Sanctions in the same brief. [DN 166.] Therefore, it would be absurd to argue Humana's review of that brief could possibly be excessive. Further, the Court issued a single order scheduling the hearing on both the Motion for Sanctions and the Motion to Strike. As a result, the following "mixed entries" were appropriately included:[3]

| Toby Schisler | 2/7/2025 | .2 | E-mail exchange with Lindsey Boyd, Alex Terepka and litigation team re assessment of Plaintiff's opposition to Humana's recently filed motions and strategy for addressing same through reply |
|---|---|---|---|
| Toby Schisler | 2/7/2025 | .7 | Review and analyze Plaintiff's opposition to motions to strike declarations of plaintiff and his counsel and motion for sanctions for violating mediation privilege, and prepare e-mail to Lindsey Boyd assessing same |
| Alex Terepka | 2/7/2025 | 1 | Analyze and comment on opposition to sanctions and sham motions and prepare client update regarding the same. |

***Second***, Plaintiff seeks to limit Humana's fee request because some of the time entries concern "emails, telephone calls, 'comments,' and general team strategies." Response, p. 4. In support of this position, Plaintiff cites *Diamond Resorts U.S. Collection Dev., LLC v. Wesley Fin.*

---

[3] Plaintiff also marks entries that could be considered "mixed" from timekeepers Carter and Watstein. As noted in the Petition, all fees from these timekeepers were eliminated from the request and need not be considered for purposes of further limiting the fee award. Further, Mr. Schisler's time entries from March, which arguably could have included mixed time, were not included in the request for fees.

5

*Grp., LLC*, No. 3:20-CV-251-DCLC-DCP, 2025 U.S. Dist. LEXIS 52612, at *16 (E.D. Tenn. Mar. 21, 2025). In *Diamond*, the court broke down the fee request by task and addressed each separately. *Id*. The court refused to limit the fee award related to drafting a motion for sanctions even where the request included entries concerning internal correspondence and strategy because "these entries were minimal compared to the substance of the motion." *Id*. The court specifically found "[i]n light of the length of the filing and the complexity and unusual nature of this issue, the court finds the time incurred reasonable." *Id*. By contrast, the court did limit time entries for internal communication and strategy related to a motion to compel because the court found there were too many entries for internal communication for the type of filings that followed. *Id*. Even when reducing the fee award, the court recognized "some internal conferences and strategy sessions were warranted" because it was the opposing parties actions that changed the course of the litigation." *Id*. at *22. Contrary to Plaintiff's assertion, internal conferences are a normal part of preparing for a motion, reply, and hearing. *Id*. In this case, like in *Diamond*, when broken down, the time entries for internal communication and strategy attributable to each task are minimal compared to the substance of the motion and the gravity of the issue, which was caused by Plaintiff and his counsel's conduct. For example, of the 3.7 hours Mr. Schisler spent filing the Motion for Sanctions, 1.8 hours were spent emailing and conferring with co-counsel and Humana to make the important decision on whether to bring the motion in the first place. Of the 4.7 hours Mr. Schisler spent filing the Reply, only 1 hour total was spent emailing and conferring with co-counsel. This does not show overbilling, it demonstrates careful consideration. Of Mr. Terepka's 11.3 hours spent on the Motion for Sanctions, only .4 was spent "provid[ing] guidance" to the team. The only other time entry from Mr. Terepka related to internal conferences occurred in preparation for the April 9, 2025 hearing. Of the 8.6 hours spent, only .4 were related to attending a call with the

6

internal legal team. Mr. Leonard's time entries concerning strategy and discussion were integrally related to the filing of the Motion, Reply, and preparation for the April 9, 2025 hearing. In any event, Humana has already voluntarily reduced time for all tasks by 50% in its fee request, indicating an overall reasonableness of the request. As a result, Humana contents the limited hours remaining on the fee request are reasonable.

Further, Plaintiff's argument ignores the most significant factor when assessing the reasonableness of the fees requested: Humana voluntarily paid the full amount of the fees being sought. Indeed, Humana actually paid significantly more than the amount it is asking the Court to award, but Humana voluntarily reduced its request by tens of thousands of dollars in a good faith effort to limit its request to a reasonable amount. The fact that Humana paid its counsel for all of the services performed strongly refutes Plaintiff's unsupported assertion that the amount of the attorney fees is unreasonable.

If Plaintiff had his way, Humana's fees would be reduced so substantially that it would completely undercut the purpose of the sanctions awarded. The sanctions imposed upon Plaintiff should be real and meaningful in light of Plaintiff's deliberate violation of this Court's express Order and the well-established mediation privilege. *PepsiCo v. Cent. Inv. Corp.*, 216 F.R.D. at 421. If the corresponding sanctions for the violation are reduced to a nominal amount, it would incentivize litigants to blatantly disregard the mediation privilege or the Court's Orders because there would be little practical consequence for those actions. Further, if the fees awarded to Humana were meaningful reduced, it would disincentivize parties like Humana from addressing the violations because it would not be economically viable to do so. Notably, Humana has not included in its fee petition any of the time it has spent on the briefing associated with the petition. *Mish v. Comm'r of Soc. Sec.*, No. 1:09-cv-753, 2012 U.S. Dist. LEXIS 67313, at *6 (W.D. Mich.

May 15, 2012) (finding it reasonable to request fees for preparing and litigation of fee petition). Accordingly, Humana respectfully contends it should be awarded the full amount it is seeking.

**III.    The Rates Charged are Reasonable.**

In determining the reasonableness of the hourly rate, the Court should initially assess the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). The Court retains broad discretion to determine the reasonableness of fees and may rely on its own knowledge of the rates in the community, the legal rates actually paid by the client, and rates recovered in similar cases. *Bailey v. United Recovery Sols., Inc.*, No. 3:17CV-00350-DJH-RSE, 2018 U.S. Dist. LEXIS 205587, at *4 (W.D. Ky. Oct. 22, 2018) (looking to rates awarded in similar cases to determine reasonableness). Recently, this Court found rates between $537 and $ 646 to be reasonable for experienced attorneys practicing in the Western District of Kentucky. *Honorable Ord. of Ky. Colonels, Inc. v. Ky. Colonels Int'l*, Civil Action No. 3:20-cv-132-RGJ, 2024 U.S. Dist. LEXIS 154478, at *5 (W.D. Ky. Aug. 28, 2024) (approving rate of $520 as lower than the average rate and relying on Price Waterhouse peer group rate survey as evidence of the prevailing community rates.) In the Petition, Humana outlined cases in which the rates for both firms representing Humana were found to be reasonable. Humana also cited cases in which even higher fees were awarded in TCPA litigations, which command higher rates for the specialized work performed.

Though Humana is entitled to the presumption of the reasonableness of the lodestar method, *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000), Humana voluntarily proposed a blended rate in an attempt to simplify the calculation of the fees and to demonstrate

reasonableness of the request.[4] The result of blending the rates is a difference of $480.50. ($46,502.50 requested vs. $46,983 based on the standard rates of the timekeepers). The rates of counsel are reasonable as they are in line with rates charged and awarded in similar cases and is in line with the prevailing rate in the Western District of Kentucky.

Again, the fact that Humana voluntarily paid the rates is compelling evidence that the rates are reasonable. Plaintiff has not, and cannot, present any evidence to the contrary.

## CONCLUSION

Based on the foregoing arguments and those contained in the motion, Humana requests entry of an Order granting its request for fees in the amount of $46,520.50.

DATED: May 28, 2025.

Respectfully submitted,

/s/K. Cassandra Carter
H. Toby Schisler (admission *pro hac vice*)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8152
Fax: (513) 977-8141
Email: toby.schisler@dinsmore.com

K. Cassandra Carter, Esq. (KBA #98018)
Dinsmore & Shohl LLP
City Center
100 West Main Street, Suite 900
Lexington, KY  40507
Telephone:  (859) 425-1033
Fax:  (859) 425-1099
E-Mail:  cassandra.carter@dinsmore.com
*Counsel for Humana Inc.*

---

[4] Contrary to Plaintiff's Response, the *Big Sandy* case cited in the Petition does not stand for the premise that Dinsmore's rate for all fee awards should be $345. *Big Sandy Co. L.P. v. Am. Carbon Corp.*, No. CV 21-88-DLB-EBA, 2024 WL 5396191, at *3 (E.D. Ky. June 12, 2024). Only that the blended rate (including partners, associates, and paralegals) requested was found to be reasonable in the Eastern District of Kentucky in that particular case.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply was served upon Plaintiff's counsel via email and ECF/electronic filing system on May 28, 2025.

/s/K. Cassandra Carter
*Counsel for Humana Inc*