UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID ELLIOT                                                    Plaintiff

v.                                              Civil Action No. 3:22-cv-00329-RGJ

HUMANA INC.,                                                   Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

This is a class action arising from alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA"). Humana Inc. ("Humana") moves to consolidate this matter with a related TCPA case pursuant to Local Rule 40.1 and Federal Rule of Civil Procedure 42 [DE 241] and to withdraw its motion for summary judgment [DE 240]. David Elliot ("Elliot") responded [DE 243; DE 244] and Humana replied. [DE 248; DE 249]. These matters are ripe. For the following reasons, Humana's motion to consolidate [DE 241] is **DENIED** and Humana's motion to withdraw the motion for summary judgment [DE 240] is **DENIED without prejudice.**

## I.      BACKGROUND

Humana is a corporation headquartered in Louisville, Kentucky, that sells health insurance and related services. [DE 14 at 58]. On June 21, 2022, Elliot filed this class action against Humana, alleging violations of the TCPA. [DE 1]. The complaint alleges that Humana placed unsolicited prerecorded or artificial voice calls to non-customers' cellular phones without consent, failed to provide a compliant opt-out mechanism, and failed to maintain or honor an internal do-not-call registry. [*See id.* at 3–4, 6–7].

On April 9, 2025, this Court granted class certification and certified the following modified Prerecorded Calls Class:

> All persons or entities through the United States (1) to whom Humana placed, or caused to be placed, a call (2) directed to a number assigned to a cellular telephone service, but not assigned to a current account holder of Humana or a person who consented to receive calls on behalf of an account holder (3) in connection with which Humana used an artificial or prerecorded voice, (4) four years from the filing of this action through the date of class certification.

[DE 205 at 6521]. The effective date of the class is June 21, 2018 (four years before the action was filed) to April 9, 2025 (the date of class certification). [*Cf.* DE 1; DE 205].

On August 28, 2025, a separate action styled *Kousiry v. Humana Inc.* was filed in the United States District Court for the Middle District of Florida. *See* Compl., *Kousiry v. Humana Inc.*, Case No. 6:25-cv-01663-JSS-DCI (M.D. Fla. filed Aug. 28, 2025), Dkt. No. 1. The *Kousiry* action involves near-identical allegations that Humana violated the TCPA and seeks certification of a "Prerecorded Voice Class." *See id.* (alleging that Humana "knowingly makes thousands of prerecorded calls without consent to wrong numbers and non-customers, despite knowing the phone numbers are wrong and often after being asked to stop calling" in violation of 47 U.S.C. § 227(b) & 47 C.F.R. 64.1200(a)). The proposed class period in *Kousiry* would begin on August 28, 2021 (four years before the action was filed) through class certification. *Id.*

On March 26, 2026, Humana moved—pursuant to the first-to-file doctrine and 28 U.S.C. § 1404(a)—to transfer the *Kousiry* case from the Middle District of Florida to this district. The Middle District of Florida granted the motion and then transferred the *Kousiry* case to this Court. *See Kousiry v. Humana Inc.*, Case No. 3:26-cv-00231-RGJ-CHL (W.D. Ky. April 1, 2026), Dkt. No. 39. The case was reassigned to the presiding judge by order dated April 14, 2026. *Id.* at Dkt. No. 51.

*Elliot* has now proceeded to the class notice process. The parties dispute whether, and to what extent, additional discovery is required for the purposes of identifying members of the

2

certified class. [*See* DE 242; 245; 250]. The dispute turns on whether Humana must produce records related only to Humana's Special Needs Plans ("SNPs") or, as Elliot requests, whether Humana must produce "records, in accordance with the class definition and for the entire class period, that identify those people who indicated to Humana that it had reached a wrong number, whether related to a SNP call or any other type of call." [DE 228 at 6924; *but see* DE 245 ("At every stage, Plaintiff has premised this case on a specific set of calls arising out of the Humana outreach campaign that inadvertently called Plaintiff when trying to reach a Humana member, the SNP HRA campaign.").

Both *Elliot* and *Kousiry* have been referred to Magistrate Judge Lindsay. [*See* DE 237 (referring *Elliot* to the magistrate "to create a new scheduling order and address the parties' potential discovery dispute" discussed *supra*); *Kousiry v. Humana Inc.*, Case No. 3:26-cv-00231-RGJ-CHL, Dkt. No. 44 (referring *Kousiry* "for resolution of all litigation planning issues, entry of scheduling orders, and disposition of non-dispositive matters, including discovery)].

## II.    ANALYSIS

### A.  Motion to Consolidate

"Rule 42(a) of the Federal Rules of Civil Procedure permits actions involving common questions of law or fact to be consolidated for the economy and convenience of the court and of the parties. 'Cases consolidated under Rule 42(a), however, retain their separate identity,' and 'it is the district court's responsibility to ensure that parties are not prejudiced by consolidation.' *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412–13 (6th Cir. 1998). "[W]hen the scope of consolidation is broad and the issues and parties are virtually identical, more leniency is permitted in treating the cases as one." *See Advey v. Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992). *Tri-*

*Med Fin. Co. v. Nat'l Century Fin. Enterprises, Inc.*, 208 F.3d 215, 8 (6th Cir. 2000). The party seeking consolidation, here Plaintiff, bears the burden of proving that consolidation should be granted. *Innovation Ventures, L.L.C. v. Custom Nutrition Lab'ys, L.L.C.*, 451 F. Supp. 3d 769, 793 (E.D. Mich. 2020).

District courts have broad discretion when determining whether consolidation is appropriate. *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). But courts should ensure "that consolidation does not result in unavoidable prejudice or unfair advantage," *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). The goal of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex, Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992). To that end, courts consider the following factors when deciding whether to consolidate cases:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell*, 99 F.2d at 1011 (*Cantrell* factors). Thus, consolidation is "not justified or required simply because the actions include a common question of fact or law." *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011). Balancing these factors, courts routinely decline to consolidate cases that are "not in similar stages of development." *Borden v. Coll.*, No. 1:16-CV-519, 2016 WL 5791649, at *2 (S.D. Ohio Oct. 4, 2016). *See also De Angelis v. Nat'l Ent. Grp. LLC.,* No. 2:17-CV-924, 2019 WL 1024954, at *4 (S.D. Ohio Mar. 4, 2019) (finding "the *Hogan* litigation is sufficiently farther advanced than the *VM3015* litigation to make consolidation inappropriate" but ordering the parties to coordinate discovery efforts for the sake of judicial economy). Likewise, courts have observed that "the fact that both cases are pending before the

4

same judicial officer already minimizes the risk of inconsistent results." *Weir-Cove Moving & Storage Co. v. Fleet Owners Insurance Fund*, 2019 WL 266422, *2 (N.D. Ohio 2019) (declining motion to consolidate). *See also Roxane Lab'ys, Inc. v. Abbott Lab'ys*, No. 2:12-CV-312, 2013 WL 5217571, at *3 (S.D. Ohio Sept. 16, 2013) ("The fact that both cases are pending before the same judicial officers also minimizes the risk of inconsistent results and lessens the burden on the Court.").

As an initial matter, these two cases—one a certified class action and the other a putative class action—are in substantially different stages of litigation. The *Elliot* class has been certified, upheld on appeal, and is now in the class notice process. Fact discovery substantially closed in 2024, and a scheduling order is being set by the magistrate judge. [*See* DE 61; DE 237]. Plaintiff has proposed a trial date of September 13, 2027. [DE 255]. In contrast, *Kousiry* remains in fact discovery. [*Id.*].

Nevertheless, Humana argues that consolidation is appropriate because "[t]his action and the *Kousiry* case involve nearly identical factual allegations and legal theories." [DE 241 at 6990]. There does not appear to be a genuine dispute that the claims in *Elliot* and *Kousiry* arise from substantially the same, if not identical, alleged courses of conduct by Humana. [*Compare id.* ("In short, both actions allege violations of the TCPA based on substantially the same alleged prerecorded calling practices related to the same Humana program, during overlapping time periods."), *with* DE 244 at 7013 (distinguishing *Kousiry* only because it "involves later conduct outside the time period certified in Elliot")]. That the cases involve common questions of law or fact favors consolidation. Thus, Humana asserts, consolidating the two matters "will materially advance judicial efficiency and conserve substantial judicial and party resources" by eliminating the need for "duplicative written discovery, overlapping depositions, and repetitive pretrial motion

practice" and "spare the Court from resolving parallel disputes addressing the same legal and factual issues." [DE 241 at 6992].

Yet Humana overstates the extent to which inefficiencies would be eliminated by consolidation. Despite Humana's concession that "[t]he putative class in the *Kousiry* action is almost entirely encompassed within the Prerecorded Calls Class already certified in this case," Humana has stated that "further discovery and investigation are likely to reveal case-specific facts demonstrating that *Kousiry* lacks viable claims against Humana and that his allegations are unsuitable for class-wide treatment." [*Id.* at 6990 n.2, 6991]. Further, "Humana maintains that certification of the class was not appropriate and reserves all rights to challenge certification of the class, including the class as extending to the *Kousiry* claims. Humana further reserves all rights to challenge certification of the class in appellate review." [*Id.* at 6986 n.1]. Thus, while it appears that consolidation may streamline some discovery in *Kousiry*, the benefits of consolidation will not arise until trial or, at the very earliest, summary judgment. The certified class in *Elliot* will be forced to wait while the parties in *Kousiry* engage in case-specific discovery, relitigate class certification, and, address additional arguments at the dispositive motion stage.

The Court is persuaded by other courts in this circuit denying consolidation of cases in substantially dissimilar procedural postures. In *LSP Technologies, Inc. v. Metal Improvement Co., LLC,* the Southern District of Ohio denied consolidation of two related patent cases. No. 2:10-cv-526, 2010 WL 3447834 (S.D. Ohio Aug. 30, 2010). The court found that the two cases shared some common questions of fact and law, that discovery could overlap, and that consolidation would obviate the need for two *Markman* hearings and two trials. *Id.* at *2. However, the court also found that the cases were in dissimilar stages of development—the second case was filed nearly two-and-one-half years later than the first–and that consolidation would further delay the

6

first case, causing prejudice in the form of continuing legal expenses and prolonged uncertainty as to the parties' business activities. *Id.* at \*3. Accordingly, despite the common issues, the court denied consolidation.

Likewise, in *Roxane Laboratories, Inc. v. Abbott Laboratories*, the Southern District of Ohio again found that there were common issues in two patent cases between identical parties but nonetheless refused to consolidate them. Nos. 2:12-cv-312, 2:13-cv-645, 2:13-cv-708, 2013 WL 5217571 (S.D. Ohio Sept. 16, 2013). Once again, the court found several common issues of law and fact. *Id.* at \* 2. Yet, the court found that consolidation was not appropriate because (1) the two cases were pending before the same judge, so discovery could be coordinated even without consolidation, (2) the cases were at significantly different stages of litigation because the second case was filed fifteen months after the first, and (3) consolidation would require significant delay of the first case and thus hinder expeditious resolution of that case. *Id.* at \*3.

So too here. As Humana notes, both cases have been referred to Magistrate Judge Colin H. Lindsay for resolution of all litigation planning issues, entry of scheduling orders, and disposition of non-dispositive matters, including discovery. [DE 241 at 6988]. And the cases are both before the presiding Judge. The fact that both cases are pending before the same judicial officers minimizes the risk of inconsistent results and lessens the burden on the Court. *Roxane Lab'ys, Inc.*, 2013 WL 5217571, at \*3. *See also Does No. 1 v. Springboro Cmty. City Sch. Dist.*, No. 1:19-CV-785, 2022 WL 219368, at \*3 (S.D. Ohio Jan. 25, 2022) ("[T]he Court finds the risk of inconsistent adjudication is minimal. Both cases are before this Court."). Further, Humana acknowledges that "what has already been produced in this case is equally applicable in the *Kousiry* case, and all that will be required is limited individual discovery with respect to *Kousiry* and a supplementation of the class discovery, which is already being conducted." [DE 249 at 7182]. *Cf. Beverlly Jewerlly*

7

*Co., Ltd. v. Tacori Enters.*, No. 1:06–cv–1967, 2006 WL 3304218, at *6 n.1 (N.D. Ohio Nov.13,

2006) (noting that movant's contention that consolidation would be efficient because of the

substantial overlap in evidence was meritorious, but diminished because the parties could

coordinate discovery efforts whether or not the actions were consolidated; motion to consolidate

denied). Consolidation is therefore not required for the parties to benefit from streamlined

discovery.  *See Barrios v. Elmore*, No. 3:18-CV-132-DJH-RSE, 2018 WL 3636576, at *3 (W.D.

Ky. July 31, 2018) (explaining "discovery efforts can be coordinated by the parties whether or not

the actions are formally consolidated" and noting  that the fact that "the discovery in each case will

be managed by the same U.S. Magistrate Judge . . . may present opportunities for efficient

resolution of discovery disputes"); *De Angelis*, 2019 WL 1024954, at *5 (ordering parties to "to

coordinate discovery efforts").

Finally, although Humana has only requested consolidation, the Court notes that there are

other remedies available to reduce the burden of duplicative litigation.[1] To the extent that the

*Kousiry* action proceeds on behalf of a putative class with substantially overlapping claims as the

certified class in *Elliot*, judicial economy may militate in favor of a stay. Because neither party has

raised the issue, the Court does not address it here.

Accordingly, having considered the relevant *Cantrell* factors, the Court finds that

consolidation is inappropriate. Humana's motion to consolidate [DE 241] is **DENIED**.

---

[1] Cases are duplicative if the issues "have such an identity that a determination in one action leaves little
or nothing to be determined in the other." *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997) (internal
quotations and citations omitted). When cases are duplicative, "a court . . . will commonly stay the second
suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two
actions." *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000) (citing *Kerotest Mfg. Co. v. C-O-Two Fire
Equipment Co.*, 342 U.S. 180, 186 (1952)).

### B. Motion to Withdraw Summary Judgment

Next, Humana requests that it be permitted to withdraw its motion for summary judgment, with leave to refile, because "[t]here is a substantial likelihood that the factual record will materially expand as a result of (i) the additional discovery Plaintiff seeks and (ii) the anticipated consolidation of the *Kousiry* Action, which will bring with it a new plaintiff, new facts, and discovery." [DE 240 at 6976]. Because the Court will not consolidate *Kousiry* with *Elliot*, the Court need only address Humana's arguments regarding the additional discovery Elliot has requested for the purposes of class notice.

In short, the Court finds Humana's motion to withdraw is premature. Humana has already objected to the additional discovery proposed by Elliot on the grounds that it "seeks records for all Humana calls during the 'entire class period' of nearly seven years, 'whether related to a [Special Needs Plan] call or any other type of call.'" [DE 245 at 7021]. According to Humana, "[a]pproval would require reopening discovery, redoing expert analyses, revisiting dispositive motions, and a complete re-do of class certification itself given the new Rule 23 issues that will become insurmountable—transforming this action into an entirely different and far more protracted case." [*Id.*]. Those objections are properly before the magistrate as part in parcel of the determination of the class notice plan. Although permitting renewed motions for summary judgment may be appropriate "when the moving party has expanded the factual record," *Coach, Inc. v. Chen*, No. 1:16-CV-00200-GNS-HBB, 2022 WL 10146662, at *3 (W.D. Ky. Oct. 17, 2022), the scope of the additional discovery in this case remains speculative. And even if the magistrate approves Elliot's proposed notice plan, Humana must show that the expanded factual record is material to the claims and defenses "on which summary judgment is sought." *Id.*

In the alternative, Humana requests the Court "to stay resolution of the motion pending the resolution of the outstanding discovery issues." [DE 240 at 6975]. The Court sees no reason to further delay resolution of the fully briefed pending Motion for Summary Judgment [DE 113]. For one, it is not clear that staying resolution until Judge Lindsay rules on the parties' proposed class notice plans would place this Court or the parties in a different position than today. As explained above, additional discovery alone will not justify reopening summary judgment briefing. Rather than speculate as to the appropriate deadline to revisit the issue, the Court will **DENY** Humana's motion to withdraw or stay [DE 240] **without prejudice**.

### III.   CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** as follows:

1.  Humana's Motion for Reassignment and Consolidation [DE 241] is **DENIED as moot** as to reassignment and **DENIED** as to consolidation.

2.  Humana's Motion to Withdraw Motion for Summary Judgment with Leave to Renew or, Alternatively, to Stay Resolution [DE 240] is **DENIED without prejudice**.

Rebecca Grady Jennings, District Judge
United States District Court

August 4, 2026

10